UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to All Actions | **ORDER REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' CLAIMS RELATED TO THE VENTAK PRIZM 2 DR MODEL 1861 BASED ON FEDERAL PREEMPTION** |

On March 16, 2007, Plaintiffs filed a Motion for Partial Summary Judgment on Defendants' Claims Related to the VENTAK PRIZM 2 DR Model 1861 based on Federal Preemption. (MDL 05-1708 (DWF/AJB), Doc. No. 1343.)  In that Motion, Plaintiffs seek an order from the Court either striking Guidant's defense of federal preemption as it relates to the VENTAK PRIZM 2 DR Model 1861 device, although Guidant has not yet filed an Answer, or for partial summary judgment on that issue.  Plaintiffs assert that they are entitled to such an order because they devoted a substantial amount of time opposing Guidant's original Motion for Summary Judgment on Plaintiffs' Claims Related to the VENTAK PRIZM 2 DR Model 1861 Based on Federal Preemption.

Plaintiffs filed this motion *after* the Court had addressed the substance of their request in a March 7, 2007 letter, as later confirmed by the Court's March 17, 2007 Order, which granted Guidant's Motion to Withdraw Without Prejudice the Motion for Summary Judgment on Plaintiffs' Claims Related to the VENTAK PRIZM 2 DR Model

1861 Based on Federal Preemption and Accompanying Documents. (MDL 05-1708 (DWF/AJB), Doc. No. 1353.) In essence, Plaintiffs are improperly using their current Motion to seek reconsideration of the Court's Order that allowed Guidant to withdraw its preemption motion.

As the Plaintiffs' should know, a party seeking reconsideration of an order must seek permission to file a motion to reconsider by submitting a letter to the Court that asks for permission to file such a motion. D. Minn. L.R. 7.1(g). Leave to file a motion to reconsider is granted only upon a showing of "compelling circumstances." *Id*. A motion to reconsider should not be employed to relitigate old issues but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Plaintiffs have no compelling circumstances, even if they would have presented their request in the proper form. Instead, they are merely attempting to relitigate old issues concerning whether the Court should force Guidant to continue with its original preemption motion—which was filed on May 8, 2006 and fully briefed by November 22, 2006—in the face of the November 28, 2006 global preemption decision in the Medtronic MDL. *See In re Medtronic, Inc. Implantable Defibrillators Litig.*, 465 F. Supp. 2d 886 (D. Minn. 2006) (denying defendants' motion for summary judgment and concluding that plaintiffs' claims are not barred by federal preemption).

The Court understands Plaintiffs' concerns about costs incurred opposing the original preemption motion and about costs they might incur opposing multiple preemption motions in individual cases. But the Court does not understand Plaintiffs'

justification for filing their Motion in light of the Court's March 7, 2007 letter that specifically addressed Plaintiffs' concerns and disposed of the issue:

> **Preemption**.  I have reviewed your arguments concerning Guidant's preemption motion and am sympathetic to each side's arguments, especially given that the *Medtronic* opinion was issued after Guidant filed its motion.  If Guidant does not intend to proceed with its current preemption motion, it must withdraw the motion–without prejudice–within one week of this letter.  In giving Guidant permission to withdraw its motion, I reserve the right to impose attorney fees on Guidant if I later determine that Guidant filed its preemption motion for a vexatious purpose.  Guidant may file an individual preemption motion in any bellwether case.  If, after filing its first individual preemption motion, Guidant wishes to file another individual preemption motion in a different bellwether case, it must seek leave of the Court to do so, by way of letter brief to the Court in which it sets forth how the second individual motion is legally and factually distinct from the first motion.  I believe this result protects the parties' interests and minimizes prejudice to both parties.

Given this, Plaintiffs' Motion is without merit and must be denied.  The Court is confident that Plaintiffs will file future motions in accordance with the Local Rules and for proper purposes only.

Based on the foregoing, it is **HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment on Defendants' Claims Related to the VENTAK PRIZM 2 DR Model 1861 based on Federal Preemption (Doc. No. 1343) is **DENIED**.


Dated:  March 19, 2007              s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court