**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to All Actions | **ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL SUBSTANTIVE RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES AND REGARDING DEFENDANTS' REQUEST TO REVIEW DOCUMENTS IN CAMERA** |

This matter is before the Court on Plaintiffs' request to compel Defendants to provide substantive responses to Plaintiff's Fifth Set of Interrogatories, which addressed the relationship between Defendants and Dr. Higgins. This motion was presented to the Court in Plaintiffs' letter brief dated May 3, 2007. Dr. Higgins is the treating physician for Plaintiff Leopoldo Duron and the physician who implanted the VENTAK PRIZM 2 DR, Model 1861 into Duron. Defendants have designated Higgins as an expert witness for the first bellwether trial.

On May 8, 2007, the Court addressed Plaintiffs' request in a teleconference with the parties. At that time, the Court ordered Guidant to provide substantive responses to the interrogatories in one of three ways, one of which was to supply all responsive documents to the interrogatories rather than answer the interrogatories, provided however, that Guidant informs Plaintiffs which documents are responsive to which

interrogatory. The Court also stated that if any of the responsive documents or answers raised privilege issues, Guidant could submit those documents or answers to the Court for in camera review.[1] On May 21, 2007, Guidant submitted 54 documents for review and 97 documents with redactions for review.[2]

Guidant has claimed privilege over these documents and redactions based on either attorney-client and/or work-product privilege. The Court notes that for some of the documents where the basis for privilege can be deciphered, the assertion is quite tenuous at best. For example, the Court finds that an assertion by an attorney that "I feel like I need an order of onion rings" or "???" can hardly be construed as legal advice.[3] Of more concern to the Court, however, is the fact that while Guidant provided a list of documents explaining what privilege had been asserted, it did not provide the Court with an explanation of who made the communication, who the communication was made or provided to, what persons involved titles are, and whether there was an attorney involved in the communication to substantiate Guidant's assertion for privilege. Such information is normally provided in a privilege log.

---

[1] While the Court assumes that Guidant has complied with the requirement to inform Plaintiffs which documents are responsive to which interrogatories in its production of documents to Plaintiffs, the Court notes that Guidant did not extend such a courtesy to the Court.

[2] The Court notes that Guidant was ordered to produce the documents for in camera review on or before May 16, 2007. Despite the fact that Guidant did not seek leave for an extension for its production, the Court nonetheless performed the in camera review.

[3] In addition, at least one of the documents produced for in camera review is completely indecipherable because of its extremely small print.

Therefore, after review of the documents submitted, it is **HEREBY ORDERED** that:

1. Guidant shall produce all documents and redactions submitted for in camera review to Plaintiffs under an "Attorneys Eyes Only" designation by noon on May 23, 2007. Such production is not to be construed as a waiver of any attorney-client or work-product privilege. The documents shall be produced with both bates numbers and the in camera number designations that were provided to the Court.

2. Plaintiffs are instructed that if they wish to use any of these documents for the purposes of deposition or trial, they must seek permission from the Court prior to such use. In seeking such permission from the Court, Plaintiffs shall refer to the document(s) by the document's in camera number and shall explain to the Court for what purpose they intend to use the document.

Dated: May 22, 2007                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court