## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |

This Document Relates to:

Emmett David Brown,

          Plaintiff,

v.         Civil No. 07-1487 (DWF/AJB)

Guidant Corporation, an Indiana Corporation; Endovascular Technologies, Inc., a California Corporation and a Division of Guidant Corporation; Guidant Sales Corporation; and Dr. Leland B. Housman,

         Defendants.

**MEMORANDUM
OPINION AND ORDER**

---

Jeanette Haggas, Esq., Mark E. Burton, Jr., Esq., Nancy Hersh, Esq., and Rachel Abrams, Esq., Hersh & Hersh, counsel for Plaintiff.

Timothy A. Pratt, Esq., Sara J. Romano, Esq., and Dana N. Gwaltney, Esq., Shook Hardy & Bacon, LLP, counsel for Defendants Guidant Corporation, Endovascular Technologies, Inc., and Guidant Sales Corporation.

Michael I. Neil, Esq., and David P. Burke, Esq., Neil, Dymott, Frank, Harrison & McFall, APLC; and Timothy A. Pratt, Esq., Shook Hardy & Bacon, LLP, counsel for Defendant Dr. Leland B. Housman.

---

The above-entitled matter is before the Court pursuant to Plaintiff Emmett David

Brown's Motion to Remand and Motion for Sanctions [28 U.S.C. § 1447] (MDL

No. 05-1708 (DWF/AJB), Doc. No. 1896; Civ. No. 07-1487 (DWF/AJB), Doc. No. 13)

and Defendant Leland Housman, M.D.'s Motion to Sever Medical Malpractice Action

and Remand Case Back to Superior Court, State of California, County of Santa Clara

(MDL No. 05-1708 (DWF/AJB), Doc. No. 1801; Civ. No. 07-1487 (DWF/AJB), Doc.

No. 7).  For the reasons stated below, the Court grants Brown's Motion to Remand as to

Dr. Housman but denies the Motion as to all remaining Defendants, denies Brown's

Motion for Sanctions, and grants Dr. Housman's Motion to Sever and Remand.

## BACKGROUND

In 2003, Dr. Housman implanted a Guidant defibrillator in Brown.  In June 2005,

Brown's defibrillator was recalled.  Thereafter, Dr. Housman explanted and replaced

Brown's defibrillator and epicardial leads.  After the explant and replacement surgery, the

leads penetrated through the surgery incision sites on Brown's chest.  This penetration

caused infection and the need for further surgeries.

On October 24, 2006, Brown filed this case against Defendants Guidant

Corporation, Guidant Sales Corporation, Endovascular Technologies, Inc. ("EVT"),[1] and

Dr. Housman in the California Superior Court of Santa Clara County, California.

Guidant Corporation and Guidant Sales Corporation (collectively "Guidant") are citizens

of Indiana.  It is undisputed that Brown and Dr. Housman are California residents.  The

parties dispute EVT's citizenship.  Brown asserts that EVT is a citizen of California, and

Guidant and EVT assert that EVT is a citizen of Minnesota and Delaware.

---

[1]     EVT is a wholly owned subsidiary of Guidant Corporation.

Brown alleges that Dr. Housman committed medical negligence because he implanted a defective defibrillator and negligently removed and replaced it. Brown also asserts that Dr. Housman knew of information provided by Guidant and/or EVT regarding defects with the defibrillators. Brown alleges that Guidant breached its duties as a manufacturer, distributor, and marketer of defibrillators. As to EVT, Brown alleges that it breached its reporting duties under a Corporate Integrity Agreement.

On January 22, 2007, Guidant and EVT removed the case to the United States District Court for the Northern District of California based on diversity of citizenship, asserting that EVT and Dr. Housman were improperly joined. Thereafter, Guidant sought to transfer the case, and on March 6, 2007, the Judicial Panel on Multidistrict Litigation transferred the action to the District of Minnesota as part of MDL No. 1708. On May 18, 2007, Defendant Dr. Housman filed a Motion to Sever and Remand the allegations against him, and, on June 5, 2007, Brown filed a Motion to Remand and Motion for Sanctions.

## I.      Motion to Sever and Remand

Dr. Housman asserts that Brown misjoined Dr. Housman as a party and that the claims against him should be severed from the claims asserted against Guidant and EVT and remanded to state court. The Federal Rules of Civil Procedure allow for permissive joinder of defendants as follows:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(b).[2]  If defendants have been misjoined for the failure to satisfy the

conditions for permissive joinder under Rule 20(b), the Rules allow for severance of

those defendants:

> Misjoinder of parties is not ground for dismissal of an action.  Parties may
> be dropped or added by order of the court on motion of any party or of its
> own initiative at any stage of the action and on such terms as are just.  Any
> claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21.

Dr. Housman asserts that the claims against him (medical negligence) and Guidant

(product liability) are legally distinct and that none of the causes of action overlap one

another.  In addition, Dr. Housman asserts that the facts that would support a claim

against him involve the quality of medical care given to Brown, whereby the facts that

would support a claim against Guidant would have nothing to do with the standard of

care for Dr. Housman, but instead would focus on the products used.  Therefore,

Dr. Housman contends that the claims arising out of his treatment do not arise out the

same transaction or occurrence as the claims against Guidant and EVT.[3]

Brown, on the other hand, contends that Dr. Housman, Guidant, and EVT's

actions/inactions do arise out of the same transaction or occurrence.  Brown asserts that

---

[2]    The California rule on permissive joinder is nearly identical to the federal rule and
is identical in all relevant parts here.  *See* Cal. Civ. Proc. Code § 379(a)(1).

[3]    To the extent that the Court finds that severance and remand is necessary, Guidant
and EVT agree with Dr. Housman to the extent that only Dr. Housman should be severed
and remanded and that the Court should retain jurisdiction over Brown's claims against
Guidant and EVT.

he would not have had to endure the surgery whereby the leads were misplaced if his Guidant defibrillator was not defective.  Brown also asserts that his surgery shares common questions of law and/or fact with Brown's product liability claims against Guidant and EVT.  Brown contends that the chain of events that led to Brown's injury inextricably connects the facts and legal issues surrounding the medical negligence and product liability claims.  Specifically, Brown asserts that Dr. Housman's testimony, notes, and other related information regarding Brown's implant and explant surgeries will be required for the negligence, fraud, and CLRA claims against Guidant.  Further, Brown contends that he makes the same claim for damages against all Defendants and that each Defendant is jointly and severally liable for the damages Brown sustained.

Upon review of the applicable rules and the pleadings of the parties, the Court finds that Dr. Housman has been improperly joined in this case.  Brown's claim against Dr. Housman is medical negligence, which would require evidence on Brown's care, treatment, and services provided by Dr. Housman.  Brown's claims against either Guidant or EVT are general negligence or product liability claims based on alleged manufacturing and design defects, alleged failure to properly warn, and alleged misrepresentation of the health risks associated with certain cardiac medical devices. These claims would require evidence on the development, manufacture, and testing of Brown's ICD along with evidence of Guidant and EVT's knowledge, warnings, and representations regarding defective ICD's.  The joinder of the malpractice claim against Dr. Housman with the other general negligence and product liability claims was inappropriate because the claims do not both involve common questions of law or fact

and assert joint, several, or alternative liability "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(b). Any liability that may be found against either Guidant/EVT or Dr. Housman would not be a basis for liability as to the other. However, separate liability as to each could be separately found.[4] Furthermore, because of the nature, stage, and progression of this MDL, especially in light of the proposed settlement involving Guidant, "the rights of the parties and interest of justice is best served by severance." Fed. R. Civ. P. 21.

Although some courts faced with fraudulent misjoinder claims have required both a finding of misjoinder and a finding of a bad faith attempt to defeat diversity, other courts have refused to apply the "egregious" standard when considering misjoinder in the context of remand petitions. *See In re: Baycol Products Litig.*, MDL No. 1431 (MJD), Case. No. 03-2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (citing cases). The Eighth Circuit Court of Appeals has not addressed the issue.

Here, as the court in *Greene v. Wyeth* found, the Court "rejects the notion that Plaintiff[] ha[s] committed an egregious act or fraud upon the Court." 344 F. Supp. 2d

---

[4]     While California case law seems to take a broad view of joinder, the Court's finding is still consistent. The California Supreme Court has stated that section 379, subdivision (c) "does not permit the unlimited joinder of defendants; it provides for joinder only when plaintiff pleads a specific relationship between the defendants, namely, a single or cumulative injury, giving rise to doubt as to the respective liability of defendants for that injury. In other words, when a plaintiff states facts showing a reasonable uncertainty as to the respective liability of the defendants, these same facts constitute the connection that links the acts of the defendants and fulfills any claimed requisite of 'factual nexus.'" *Landau v. Salam*, 484 P.2d 1390, 1395 (Cal. 1971). Here, Brown has not alleged that he is in doubt as to which Defendant is liable for which actions.

674, 685 (D. Nev. 2004). "[U]nder our dual court system[, if] a potential plaintiff has a choice between a state forum and a federal forum, it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by the device of *properly* joining a non[-]diverse defendant or a non[-]diverse co-plaintiff, he is free to do so." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, where a non-diverse party, such as Dr. Housman here, cannot be properly joined under the Federal Rules of Civil Procedure, other interests, such as the Defendants' statutory right of removal, prevail over that of permitting a plaintiff's choice of forum. *See Greene*, 344 F. Supp. 2d. at 685. Because the basis for the causes of action against Dr. Housman do not arise from the same transaction and occurrences as those in the causes of action against Guidant and EVT, the Court will sever the action against Dr. Housman so as to preserve Guidant and EVT's right to removal in the remaining action and to preserve the interests of judicial expediency and justice.

## II.   Motion to Remand

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Generally, a state court action may only be removed if a federal district court would have original jurisdiction to hear the case. 28 U.S.C. § 1441(a).[5]

---

[5]   Section 1441(a) provides in pertinent part:

(Footnote Continued on Next Page)

Where the action is based upon diversity jurisdiction, it is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A corporation is deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "In determining whether removal was proper, the removal statute is to be narrowly construed and all doubts about the propriety of federal jurisdiction are to be resolved against removal." *In re Potash Antitrust Litig.*, 866 F. Supp. 406, 410 (D. Minn. 1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Brown argues that the Court should remand the entire action asserting lack of subject matter jurisdiction and defects in the removal procedure. As to the latter, Brown contends that Guidant and EVT's removal was untimely, did not have proper consent from Dr. Housman, was facially deficient, and did not meet the requisite amount in controversy.

---

(Footnote Continued From Previous Page)
> [A]ny civil action brought in a state court of which the district courts of the
> United States have original jurisdiction, may be removed by the defendant
> or defendants, to the district court of the United States.

28 U.S.C. § 1441(a).

### A.    Timeliness/Consent/Deficiency

Brown served Dr. Housman on December 14, 2006.  Guidant and EVT removed

the action on January 22, 2007.  Brown argues that Guidant and EVT had no right to

remove because Dr. Housman did not remove nor consent to removal within thirty days

of service of the Complaint.  Brown also argues that Guidant's removal is facially

deficient because Guidant did not explain why Dr. Housman had not joined in the

removal.  Guidant and EVT assert that Guidant's removal was proper and timely because

all properly-joined Defendants consented to removal and neither Guidant nor EVT were

served with a summons and complaint; therefore, the 30-day period for removal was

never triggered.

"The notice of removal of a civil action . . . shall be filed within thirty days after

the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based."

28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 348 (1999) (holding that a defendant's time to remove is triggered by formal

service of the summons and the complaint, not "by mere receipt of the complaint

unattended by any formal service").  Removal is proper "if none of the parties in interest

*properly joined* and served as defendants is a citizen of the State in which such action is

brought."  28 U.S.C. § 1441(b) (emphasis added).  Consistent therewith, the usual rule

that all defendants in an action in state court join in a petition for removal does not apply

to "nominal, unknown, or fraudulently-joined parties."  *United Computer Sys., Inc. v.*

*AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

Here, because Dr. Housman was not properly joined, his consent was neither necessary nor did the service of process on him trigger the deadline for removal.  Further, as to Brown's assertion that Guidant's removal was facially deficient, the Court disagrees.  Guidant and EVT stated in their Notice of Removal that Dr. Housman was improperly joined.  (Aff. of Timothy A. Pratt in Supp. of Defs. Guidant Corporation, Endovascular Technologies, Inc. and Guidant Sales Corporation's Opp'n to Pl.'s Mot. to Remand ("Pratt Aff."), Ex. A at 3.)  Guidant and EVT also stated that all properly-joined Defendants had consented to removal and that Defendants who are not properly joined need not consent to removal.  (*Id.*)  Therefore, the Notice of Removal was not facially deficient because Guidant did explain why it did not have Dr. Housman join in the removal.  Thus, Brown's untimeliness, non-consent, and facially deficient arguments fail.

### B.    Requisite Amount in Controversy

Brown also asserts that Guidant and EVT have failed to show the action meets the requisite amount in controversy.  Brown points to Guidant and EVT's Notice of Removal, whereby Guidant and EVT assert that the "face of the complaint makes clear that plaintiff seeks damages in excess of $75,000" because Brown seeks "damages for surgical placement and replacement of an allegedly defective defibrillator in him."  (Pratt Aff., Ex. A at 11.)  Brown contends that this is insufficient to demonstrate that the amount in controversy exceeds $75,000.  Guidant and EVT, on the other hand, assert that they have met their burden.  Guidant and EVT point to Brown's allegations in the Complaint where he alleges "serious injuries to his chest," (Compl. ¶ 130), and alleges that he "required healthcare and medical services, and incurred direct medical costs for

10

physician care, monitoring, treatment, medications, and supplies." (*Id.*)  Guidant and

EVT also point out that Brown is seeking general, special, and punitive damages,

restitution and disgorgement of profits, compensatory and other damages, costs,

including experts' fees and attorneys' fees and expenses, and the costs of prosecuting this

action. (Compl., Prayer for Relief at 24.)  The Court finds that in light of the allegations

plead and in light of the other complaints filed by Brown's attorneys directly in this MDL

alleging similar claims and damages whereby they plead that the requisite jurisdictional

amount was met, a jury could return an award in excess of $75,000.  Therefore, Brown's

argument fails.

### C.     Subject Matter Jurisdiction

Brown contends that the Court lacks subject matter jurisdiction, asserting that

removal was improper under 28 U.S.C. § 1441(a) because Dr. Housman and EVT are

California residents, thereby creating incomplete diversity of citizenship.  As to EVT,

Brown contends that Guidant has admitted in Answers that it has filed that EVT

maintains its principal place of business in California.  Therefore, Brown asserts that

EVT is a citizen of California causing the Court to have no original jurisdiction.  Brown

also asserts that under 28 U.S.C. § 1447(c), the case must therefore be remanded.

Guidant and EVT assert that complete diversity of citizenship does exist.  Guidant

and EVT contend that Dr. Housman's citizenship should be disregarded because he was

improperly joined as a defendant.  The Court agrees, as is explained above.

As to EVT's citizenship, Guidant and EVT assert that EVT is not a California

citizen.  Guidant points out that the pleadings that Brown sites to for support that EVT is

a California citizen date back to 2002 and 2003. Guidant explains that at that time, EVT's principal place of business was in California. But Guidant asserts that in October 2006, when the Complaint was filed here, and in January 2007, when the case was removed, EVT had no business operations in California. Citing to Jeffrey Kruse's declaration, Senior Counsel for EVT, Guidant asserts that since June 30, 1989, EVT has been a Delaware corporation, and since April 2006, EVT has had its headquarters and business operations in St. Paul, Minnesota. Therefore, Guidant and EVT assert that EVT is a citizen of Delaware and Minnesota.

Brown's only response to Guidant's assertion is that EVT was a California citizen at the time he was injured in March 2004. Brown, however, asserts no authority for the proposition that the Court should analyze citizenship as of the date of injury for purposes of diversity jurisdiction.

The Court agrees with Guidant and EVT that EVT is not a California citizen. For purposes of diversity jurisdiction, the Court analyzes citizenship as of the date that the Complaint was filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). Therefore, because at the time that the Complaint was filed, EVT was a citizen of Delaware and Minnesota, Guidant was a citizen of Indiana, and Brown was a citizen of California, complete diversity of the parties exists,[6] and the Court denies Brown's

---

[6] The Court disregards Dr. Housman's citizenship because he was improperly joined in this case, as is explained above.

Motion to Remand as to his case against Guidant and EVT.[7]   Consistent with the Court

granting Dr. Housman's Motion to Sever and Remand, the Court grants in part Brown's

Motion to Remand only to the extent that the Court severs and remands Brown's claims

against Dr. Housman.

## II.      Motion for Sanctions

Based on Brown's assertion that the parties here are properly joined and

non-diverse and because Dr. Housman did not consent to removal, Brown also contends

that Guidant should be sanctioned for removing this action.  Here, because the Court

finds that Guidant and EVT's removal was proper and because the record does not show

bad faith on the part of Guidant or EVT, the Court concludes that sanctions are not

warranted.

**IT IS HEREBY ORDERED** that:

1.      Defendant Leland Housman, M.D.'s Motion to Sever Medical Malpractice

Action and Remand Case Back to Superior Court, State of California, County of

Santa Clara (MDL No. 05-1708 (DWF/AJB), Doc. No. 1801; Civ. No. 07-1487

---

[7]      Guidant and EVT argued alternatively that if the Court found EVT to be a citizen of California, that EVT's citizenship should be disregarded because it was fraudulently joined as a defendant.  Because the Court finds EVT to be a California citizen, it need not address whether EVT was fraudulently joined.  However, "[j]oinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant."  *Schwenn v. Sears, Roebuck & Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993).  And, because "contested issues of fact should be resolved in favor of the plaintiff," *id.*, the Court notes that, at this juncture, fact issues would preclude the Court from finding that there is no basis for liability.

(DWF/AJB), Doc. No. 7) is **GRANTED**.  The Court Orders that all claims against

Defendant Leland Housman, M.D. are **SEVERED** and **REMANDED** to Superior Court,

State of California, County of Santa Clara.

    2.      Plaintiff Emmett David Brown's Motion to Remand and Motion for

Sanctions [28 U.S.C. § 1447] (MDL No. 05-1708 (DWF/AJB), Doc. No. 1896; Civ. No.

07-1487 (DWF/AJB), Doc. No. 13) is **GRANTED** as to the remand of Defendant Leland

Housman, M.D., but **DENIED** as to the remand of all remaining Defendants and

**DENIED** as to Brown's Motion for Sanctions.


Dated:  August 30, 2007                s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      Judge of United States District Court