# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to:<br><br>Albert Bouchie and Mary Ellen Bouchie,<br><br>Plaintiffs,<br><br>v.       Civil No. 07-3242 (DWF/AJB)<br><br>Guidant Corporation; Guidant Sales Corporation; Cardiac Pacemakers Inc.; and Boston Scientific Corporation,<br><br>Defendants. | **MEMORANDUM OPINION AND ORDER** |

Debra De Carli, Esq., and Lawrence J. Gornick, Esq., Levin Simes Kaiser & Gornick LLP; Michael S. Appel, Esq., and Samuel M. Furgang, Esq., Sugarman, Rogers, Barshak & Cohen, PC, counsel for Plaintiffs.

David Stephen Johnson, Esq., Scott William Anderson, Esq., and Timothy A. Pratt, Esq., Shook Hardy & Bacon, LLP; Gabrielle R. Wolohojian, Esq., and Mary B. Strother, Esq., Wilmer Cutler Pickering Hale & Dorr LLP, counsel for Guidant Corporation and Boston Scientific Corporation.

Timothy A. Pratt, Esq., Shook Hardy & Bacon, LLP, counsel for Guidant Sales Corporation and Cardiac Pacemakers Inc.

The above-entitled matter is before the Court pursuant to Plaintiffs' Motion for

Remand (MDL No. 05-1708 (DWF/AJB), Doc. No. 2399; Civ. No. 07-3242 (DWF/AJB),

Doc. No. 4). The primary dispute between the parties is whether the Guidant entities (hereinafter "Guidant") are defendants in this case. For the reasons stated below, the Court denies Plaintiffs' motion.

## BACKGROUND

On April 19, 2007, Plaintiffs filed their Complaint in the Massachusetts Superior Court of Middlesex County, Massachusetts, alleging that Plaintiff Albert Bouchie suffered injuries as a result of three separate implantations[1] of cardiac medical devices allegedly manufactured by Guidant. Plaintiffs listed Boston Scientific Corporation ("Boston Scientific") as the Defendant in the caption of the Complaint. Below the caption, Plaintiffs stated that they were bringing their Complaint against "Defendant Boston Scientific Corporation and its acquired Guidant entities." (Compl. at 1.) In the Complaint, Plaintiffs alleged that:

> On April 21, 2006, Boston Scientific completed its acquisition of Guidant Corporation ("Guidant"). Through this acquisition, Boston Scientific assumed all the liabilities of Guidant in connection with this litigation, and will henceforth be liable for the wrongdoing of Guidant, as it existed prior to the close of that acquisition.

(Compl. ¶ 4; *see also* ¶ 97 ("[A]ll existing assets and liabilities of Guidant were combined into those of Defendant Boston Scientific.").) But Plaintiffs also repeatedly made their allegations in relation to "Defendant along with acquired Guidant entities," (*see, e.g.*, Compl. ¶ 5), or specifically as to "Guidant." (*See, e.g.*, Compl. ¶¶ 16, 17.)

---

[1] The alleged implantations occurred in October 2001, November 2001, and December 2005.

Plaintiffs also based their claims on acts performed by "Guidant" during periods prior to the April 21, 2006 "acquisition." (*See, e.g.*, *id.*)

On May 14, 2007, Guidant removed the case to the United States District Court for the District of Massachusetts based on diversity of citizenship, asserting that the presence of an in-state defendant (Boston Scientific) is not a bar to removal because Boston Scientific is fraudulently joined. On July 3, 2007, the Judicial Panel on Multidistrict Litigation transferred the action to the District of Minnesota as part of MDL No. 1708. On September 13, 2007, Plaintiffs filed a Motion for Remand. The parties do not contest that Plaintiffs are residents of Maine, Boston Scientific is a Delaware corporation with its principal place of business in Massachusetts, and Guidant is an Indiana corporation with its principal place of business in Minnesota.

## DISCUSSION

### I.   Removal Standard

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Generally, a state court action may only be removed if a federal district court would have original jurisdiction to hear the case. 28 U.S.C. § 1441(a).[2]

---

[2]   Section 1441(a) provides in pertinent part:

> [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States.

28 U.S.C. § 1441(a).

Where the action is based upon diversity jurisdiction, it is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  A corporation is deemed a citizen of the state in which it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  "In determining whether removal was proper, the removal statute is to be narrowly construed and all doubts about the propriety of federal jurisdiction are to be resolved against removal."  *In re Potash Antitrust Litig.*, 866 F. Supp. 406, 410 (D. Minn. 1994).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

**II.     Motion to Remand**

Plaintiffs argue that the Court should remand the case to the Massachusetts Superior Court of Middlesex County because Guidant, a non-party, removed the action to federal court, therefore making the removal improper.  Plaintiffs contend that Guidant is not a defendant in this case because the Complaint identifies only Boston Scientific as the Defendant.  Plaintiffs also assert that listing Boston Scientific as the only defendant was proper because the Complaint states that Boston Scientific assumed all of Guidant's liabilities when it acquired Guidant on April 21, 2006.  In addition, Plaintiffs assert that because Boston Scientific is the only defendant, Boston Scientific cannot rely on fraudulent joinder as a basis for removal.

Defendants, on the other hand, contend that the Complaint clearly indicates that Plaintiffs have sued and intend to recover from Guidant and its related entities.

Specifically, Defendants point to page one of the Complaint, which states that Plaintiffs "bring this action against Defendant Boston Scientific Corporation and its acquired Guidant entities." (Compl. at 1.) Defendants also contend that Plaintiffs have no reasonable basis for recovery from Boston Scientific, and therefore the removal was proper.

The Court agrees with Defendants. The plain and unambiguous language of the Complaint states that Plaintiffs brought their suit against not only Boston Scientific, but also "its acquired Guidant entities." (Compl. at 1.) Although Plaintiffs listed Boston Scientific as the only defendant in the caption of the Complaint, a reasonable person would interpret the Complaint as asserting claims against Guidant and its related entities. Both the introductory statements along with the stated allegations in the Complaint make clear that Plaintiffs' claims are based on Guidant's actions. Therefore, Guidant was a proper party who could file for removal to federal court. *See Spring Water Dairy, Inc. v. Fed. Intermediate Credit Bank of St. Paul*, 625 F. Supp. 713, 721 n.5 (D. Minn. 1986) (noting that where the body of the amended complaint made explicit references to a party, and that party had been served, Plaintiffs' failure to list that party as a defendant in the caption of the amended complaint does not mean that Plaintiffs could not maintain an action against that party).[3]

---

[3] The Court notes that *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006), which is relied on by Plaintiffs, is distinguishable. There, Allstate Illinois was not a party to the state court action at the time of removal, whereas here, the Guidant entities were.

Further, Plaintiffs' allegation that Boston Scientific assumed all of Guidant's liabilities upon the April 21, 2006 acquisition is conclusory and without factual support. Defendants, on the other hand, cite portions of the merger agreement between Galaxy Merger Sub, Inc. (a then-subsidiary of Boston Scientific) and Guidant Corporation that show that Plaintiffs' allegations are not correct. Plaintiffs do not dispute Defendants' assertions regarding the merger agreement. Instead, Plaintiffs assert that Boston Scientific's website indicates that Boston Scientific is managing the issues related to this litigation. This, however, does not prove that Boston Scientific has assumed Guidant's liabilities.[4] Therefore, based on the evidence before the Court, and for the reasons stated above, fraudulent joinder could be a basis for removal here.

## CONCLUSION

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Remand (MDL No. 05-1708 (DWF/AJB), Doc. No. 2399; Civ. No. 07-3242 (DWF/AJB), Doc. No. 4) is **DENIED**.

Dated: November 13, 2007            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court

---

[4] In the Complaint, Plaintiffs also point to a statement from a Boston Scientific Annual Report for the Fiscal Year Ended December 31, 2005, that states, "If the Guidant acquisition is consummated, we will also be subject to certain product liability claims and other litigation of Guidant." (Compl. ¶ 99.) This statement, however, on its own, does not establish that Boston Scientific assumed Guidant's past liabilities.