**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to All Actions | **ORDER REGARDING DETERMINATION OF THE COMMON BENEFIT ATTORNEY FEE AMOUNT** |

This matter is before the Court on the Plaintiffs' Steering Committee's Request Pursuant to Section II.K of the Master Settlement Agreement for a Determination of the Common Benefit Attorney Fee Amount. Four separate groups of Plaintiff attorneys submitted written objections to the Plaintiffs' Steering Committee's ("PSC") Request.[1] Oral argument was heard on January 23, 2008.

Based upon the submissions of the parties, together with all pleadings, records, and files herein, and the arguments of counsel, the Court grants in part and denies in part the PSC's request as stated below.[2]

---

[1] A fifth group submitted an untimely written objection on February 8, 2008.

[2] At the January 23, 2008 hearing, the Court offered to rule on the PSC's request via a Short Order within an expedited time period, with a Memorandum Opinion to follow, in order to allow for the settlement process to proceed pursuant to the Master Settlement Agreement. All counsel present at the hearing agreed to proceed in this manner.

**IT IS HEREBY ORDERED** that:

1. The PSC's Request Pursuant to Section II.K of the Master Settlement Agreement for a Determination of the Common Benefit Attorney Fee Amount (MDL No. 05-1708 (DWF/AJB), Doc. Nos. 2595, 2598) is **GRANTED IN PART AND DENIED IN PART** as follows:

 a. The Court orders that $10,000,000.00 of the $240,000,000.00 settlement fund be set aside for common costs. Such common costs include but are not limited to settlement administration costs (including the cost for the claims administrator), fees for the Garretson Firm's negotiation of Medicare/Medicaid lien resolution, Special Master fees, and the $3,500,000.00 for reimbursement of advanced common benefit costs. This $10,000,000.00 set-aside fund shall be referred to as "the Common Cost Fund."

 b. Based on the Court's equitable authority, and utilizing the relevant *Johnson* factors[3] and a lodestar cross-check, the Court orders that $34,500,000.00 (15% of $230,000,000.00; 14.375% of $240,000,000.00) be set aside for common benefit attorney fees.[4] This $34,500,000.00 set-aside fund shall be referred to as "the Common Benefit Attorney Fee Fund."

---

[3] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[4] The Court anticipates this figure to be more than enough to cover common benefit attorney fees, especially in light of the fact that in several instances the number of hours
(Footnote Continued on Next Page)

c. The Court orders that a fee and cost allocation committee be created for the purpose of recommending to the Court the specific allocation of attorney fees and costs among all counsel entitled to share in the Common Benefit Attorney Fee Fund and all counsel and/or parties entitled to share in the Common Cost Fund. The committee shall be called the Common Benefit Attorney Fee and Cost Committee ("CBAFCC"). The Court hereby appoints the following Attorneys to the CBAFCC:

(i) Charles Zimmerman, Esq., of Zimmerman Reed, PLLP. Mr. Zimmerman is Plaintiffs' Liaison Counsel, a member of the MDL Lead Counsel Committee, and lead member of the Negotiation Committee.

(ii) Elizabeth Cabraser, Esq., of Lieff, Cabraser, Heimann & Bernstein LLP. Ms. Cabraser is a member of the MDL Lead Counsel Committee.

(iii) Christopher A. Seeger, Esq., of Seeger Weiss LLP. Mr. Seeger is a member of the MDL Plaintiffs' Steering Committee.

---

(Footnote Continued From Previous Page)

claimed as common benefit by attorneys appears high. In other words, in the next phase, where the specific common benefit attorney fee awards will be calculated, the Court anticipates that after close scrutiny of the number of hours applied for, a substantial portion of the purported common benefit hours will be rejected as not being performed for common benefit purposes.

    (iv) Nicholas J. Drakulich, Esq., of Jennings & Drakulich, LLP.  Mr. Drakulich is a member of the MDL Plaintiffs' Steering Committee.

    (v) Michael K. Johnson, Esq., of Goldenberg & Johnson, PLLC.  Mr. Johnson represents Minnesota state plaintiffs and MDL plaintiffs.

    (vi) Gale D. Pearson, Esq., of Pearson, Randall & Schumacher, PA.  Ms. Pearson represents Minnesota state plaintiffs and MDL plaintiffs.

The Court designates Charles Zimmerman, Esq. to serve as chair of the CBAFCC.  The Court hopes that each of these individuals will embrace this important task.

The CBAFCC shall submit to the Court for approval its proposed policies, procedures, guidelines, and protocol for performing its assigned task within 14 days of the date of this Order.

The CBAFCC shall file and serve a proposed allocation plan within 60 days of the date of this Order for court review and approval.  The allocation plan should be fair and equitable, and should be the result of careful scrutiny of all applications for common benefit fees and costs.

This procedure does not preclude the CBAFCC and all applicants entitled to an award to reach an agreed-upon allocation, subject to Court review.  However, if an agreement is not reached, any objection to the

4

proposed allocation plan shall be filed and served within 14 days of the filing of the proposed allocation plan.  The CBAFCC may then file a response within 7 days after the filing of any objections.  The Court will decide any pending issues and order the disbursement of funds after consideration of the CBAFCC's proposed allocation plan, any objections, and any response.

        d.      Based on the Court's general equitable powers, the Court's inherent authority to exercise ethical supervision over this global settlement, and the Court's inherent authority to review contingency fee contracts for fairness, the Court hereby caps individual case contingency fees for those who apply for fees from the Common Benefit Attorney Fee Fund at 10%.  However, in order to assure that all attorneys receive fair but not excessive compensation, the Special Masters shall, upon individual review of each case for claimant fund allocation purposes, have the authority to increase or decrease these contingency fees caps upward to 15% or downward to 5% because of special circumstances.[5]  Clients and attorneys may appeal to the

---

[5]     Special circumstances justifying an increase or decrease in contingent fees may include the following:  (1) the relationship between the amount received from the Common Benefit Attorney Fee Fund and the amount anticipated through a contingent fee award (*i.e.*, a contingent fee award may be fairly reduced if an attorney/firm will be receiving more than adequate compensation through his or her common benefit request); (2) the aggregate amount of contingency fees expected to be received for a particular attorney/firm and the amount of work completed on a particular case before the global settlement (*i.e.*, a contingent fee award may be fairly reduced if an attorney/firm would
(Footnote Continued on Next Page)

Court from any such adjustments. If the Special Masters determine that a further adjustment beyond 15% or 5% is justified, the Special Masters shall recommend such adjustment to the Court. The Court will thereafter approve or decline the recommendation upon review of the circumstances.

In addition, the Court hereby caps individual case contingency fees for those who do not apply for fees from the Common Benefit Attorney Fee Fund at 25%. Like above, in order to assure that all attorneys receive fair but not excessive compensation, the Special Masters shall, upon individual review of each case for claimant fund allocation purposes, have the authority to increase or decrease these contingency fees. Here, for those who do not apply for fees from the Common Benefit Attorney Fee Fund, the Special Masters may increase or decrease the contingency fees upward to 35% or downward to 15% because of special circumstances. Clients and attorneys may appeal to the Court from any such adjustments. If the Special Masters determine that a further adjustment beyond 35% or 15% is justified, the Special Masters shall recommend such adjustment to the Court. The

---

(Footnote Continued From Previous Page)

be receiving an unfair amount in compensation based on the fact that he or she has a substantial number of cases at issue, with an insubstantial amount of work done in each of the files); and (3) the lack of benefit received from the work completed in the MDL (*i.e.*, a contingent fee award may be fairly increased if an attorney/firm performed a substantial amount of work in their individual cases and were proceeding without the benefit of work completed in the MDL).

Court will thereafter approve or decline the recommendation upon review of the circumstances.

2. A Memorandum Opinion and Order will follow.

Dated: February 15, 2008   s/Donovan W. Frank
　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　Judge of United States District Court