**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to All Actions* | MDL No. 05-1708 (DWF/AJB)<br><br>**CBAFCC Policies, Procedures, Protocols and Guidelines for Allocation of the Common Benefit Attorney Fee Fund and the Common Cost Fund** |

The Court's February 15, 2008 Order Regarding Determination of the Common Benefit Attorney Fee Amount created the Common Benefit Attorney Fee and Cost Committee (CBAFCC) and instructs the CBAFCC to recommend the specific allocation of attorney fees and costs among all counsel entitled to share in the Common Benefit Attorney Fee Fund and the Common Cost Fund. The Court has assigned a mixture of MDL and non-MDL Plaintiffs' Counsel to this task. Under the Court's Order the CBAFCC intends to give each Common Benefit Attorney Fee and Cost application "careful scrutiny" and provide each application with a "fair and equitable" allocation. This review shall be conducted pursuant to the guidelines set forth below. Once this process is completed, the CBAFCC will make its recommendation for each applicant's final Common Benefit Attorney Fee and Cost allocation amount. The Court is looking to the CBAFCC to review each application and make recommendations based only on true and bona fide common benefit work and costs. The CBAFCC will rely on its combined years of experience, extensive knowledge of both the state and MDL litigations and the detailed submissions by each applicant in their determination of each allocation.

The Court instructed the CBAFCC to propose policies, procedure, protocols and guidelines to the Court on how it will carry out the task of allocation of attorney fees and costs, among all counsel entitled to share in the Common Benefit Attorney Fee Fund. Below is the CBAFCC's proposal:

## The CBAFCC Process

Counsel making common benefit submissions will be asked to follow the protocols set forth in this policy.

1) Counsel making a common benefit application must submit time and costs as described below.  PSC and other attorneys who have already submitted time and costs throughout this litigation under PTO 6 should NOT do so again.  Please update your time and costs through January 31, 2008 pursuant to the following Guidelines;

2) Each firm shall prepare and submit a summary no longer than 3 pages, double spaced to the committee describing, with specificity and particularity the common benefit work performed by that firm, with particular emphasis on bona fide efforts made to produce results for the common benefit and as a contribution toward the discovery, trial and/or resolution of the Guidant litigation;

3) Each firm may also choose to present a 15-minute presentation to the CBAFCC on the firm's common benefit time and costs;

4) The CBAFCC shall review for each firm making a common benefit application: the submissions of time and costs, the summary and the live presentations;

...

5)  The CBAFCC shall deliberate on the information provided in the time and cost submissions, the summary submission and the 15-minute live presentation;

6)  The CBAFCC shall submit its recommendations for allocations for each firm/attorney making a Common Benefit Attorney Fee and Cost application to the Court;

7)  Objections to the CBAFCC proposed allocations must be submitted within 7 days of the submission of the proposal.  The CBAFCC shall have 4 days to respond to any objections.

### Guiding Principles: The *Johnson* Factors

The Court's February 15, 2008 Order Regarding Determination of the Common Benefit Attorney Fee Amount instructs this Committee to recommend the specific allocation of attorney fees and costs among all counsel entitled to share in the Common Benefit Attorney Fee Fund.  The criteria utilized by the Committee in discharging this allocation recommendation duty will include the relevant *Johnson* factors, *see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *In re Xcel Energy, Inc., Securities, Derivative & ERISA Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005) (listing and analyzing the 12 *Johnson* factors).  As the *Xcel* decision notes, "plainly, not all of the individual *Johnson* factors will apply in every case, so the court has wide discretion as to which factors to apply and the relative weight to assign to each . . . rarely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation . . . not every factor need be necessarily considered." 364 F. Supp. 2d at 993.

Thus, the Committee will consider the *Johnson* factors as applied to the particular circumstances of the *Guidant* litigation, specifically:

1) The time and labor required;

2) The novelty and difficulty of the questions;

3) The skill requisite to perform the legal service properly;

4) The preclusion or limitation of other work by the attorney due to her acceptance of the *Guidant* common benefit commitment;

5) The customary fee for similar work in the applicant's relevant legal community;

6) The contingent nature of the common benefit work;

7) Time limitations imposed by particular circumstances;

8) The result, outcome, or benefit attributable to the applicant's work; and

9) The experience, reputation, and ability of the applicant.

In addition, the Committee will also utilize any additional criteria or guidance provided by the Court in its Memorandum and Opinion that follows the February 16, 2008 Order.

## Guidelines and Criteria for Common Benefit Time and Costs Submissions and Payment

1) Each attorney submitting a time or cost submission shall be considered as representing to the Court, under oath, that the time and cost submitted meets the criteria set forth herein;

2)     Only time or costs for the common benefit of Plaintiffs will be considered in determining fees and costs.  Common benefit activities include but are not limited to:

    a.     Bellwether selection and trial prep;

    b.     Briefing and argument on issues/motions of common import;

    c.     Authorized discovery of fact or expert opinion.

No time or costs spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted, except for appropriate bellwether Plaintiffs;

3)     As to MDL common benefit work, only time and costs incurred pursuant to an LCC/PSC authorized assignment will be considered;

4)     Common benefit costs and billable hours must be proper, reasonable and necessary;

5)     Time should be submitted using the forms attached to PTO 6 (and this policy);

6)     Payments will not exceed fair value of the services performed;

7)     Time or costs that will be disallowed or discounted:

    a.     Time or cost submissions in which the hours of service and costs were not properly coded;

    b.     Any cost for which proper receipts or other proof of payment have not been submitted;

    c.     Any item of time or cost which was incurred in connection with the discovery or trial of individual cases or group of cases or the case-

        specific preparation of those cases for trial.  This does not include coordinated discovery in the MDL or state proceedings;

d.    Time submission which does not properly provide hourly rates and/or descriptions of the professional status of each person whose professional time is subject of the submission;

e.    Time submission which does not provide cumulative totals for the time submitted;

f.    Cost submission that does not provide cumulative total for the reimbursable costs claimed;

g.    Any item of cost which does not meet the requirements of these Guidelines;

h.    Any item of time or cost which is not described in sufficient detail to determine the nature and purpose of the service or cost involved;

i.    Time submission in which the amount or extent of "review" or "attendance" time is excessive as a whole when judged in reference to the role which the Attorney, or other timekeeper, had in the litigation;

j.    Time and/or cost submission which is grossly excessive on its face, when considered as a whole in light of the role in which the Attorney, or other timekeeper, had in the litigation;

k.    If it is determined that any time submitted or activity for which Counsel is requesting to be compensated, is clearly outside the scope

6

        of authority or is not warranted, as/or considered to be a contribution to the Common Benefit, such time will not be allowed;

8) The Committee will review information on common benefit attorney clients, average hourly rates and referrals as submitted to the court pursuant to its February 4, 2008 Order Requesting More Information Regarding the Common Benefit Attorney Fee Amount.  Any corrections or updates of this information shall be provided with the summary submission;

9) Submissions should be made electronically to eap@zimmreed.com;

10) Submissions (including summaries) are due to the CBAFCC no later than Noon CST on March 10, 2008.

### Time Submissions

1) Only time spent on efforts in state or federal litigation that were undertaken to advance the common interests plaintiffs will be recognized;

2) No time spent on developing or processing individual issues in any case for an individual client will be considered or should be submitted, except for appropriate bellwether Plaintiffs;

3) Time submissions should be based on contemporaneously kept records.  Attorneys who submitted common benefit time subject to PTO 6 were required to keep and report contemporaneous time.  These time records previously submitted under PTO 6 will be considered by the CBAFCC as the attorney's/firm's submission.  THESE TIME RECORDS SHOULD NOT BE RESUBMITTED.  Counsel should update new records through January 31, 2008 by the March 10, 2008 deadline;

4) If contemporaneous time records were NOT kept, then the Applicant shall explain why the time devoted to claimed common benefit work was not contemporaneously recorded and must make a good faith effort to summarize the time spent and the work done utilizing to the extent practicable the categories and guidelines herein;

5) All common benefit work time for each firm shall be maintained in at least quarter-of-an-hour increments or smaller increments if the individual or firm regularly keeps time in smaller increments;

6) Time records must be organized by timekeeper;

7) Codes to be used on Submission Forms:

   a. #1-- Investigation and Research

   b. #2—Discovery

   c. #3—Pleadings, Briefs, Pre-Trial motions

   d. #4—Court Appearances (including preparation for same)

   e. #5—Litigation Strategy and Analysis

   f. #6—Class Certification

   g. #7—Trial Preparation and Trial

   h. #8—Appeals

   i. #9—Settlement

   j. #10—Administrative (data, file management or other administrative tasks as directed by the LCC and/or the PSC)

   k. #11—Travel

8) Adequate description of the activity undertaken is required in the space provided in Exhibit B.

## Costs Submissions

1) No specific client-related costs can be considered as common benefit costs, except appropriate bellwether Plaintiffs;

2) Requests for payment must include sufficient information to allow the CBAFCC to account properly for costs and to provide adequate detail to the Court;

3) Cost claims must be properly documented by a receipt or some other form of proof of payment;

   a. Originals and all back-up documentation must be available for production upon request by the Committee.

4) Cash advances will not be considered for reimbursement without evidence of payment made within the case;

5) For MDL Counsel cost submissions: The MDL has advanced, through assessments pursuant to PTO 6, payment for the following costs and those costs should not be resubmitted:

   a. Court, filing and service costs;

   b. Deposition and court reporter costs;

   c. Document depository: creation, operation, staffing, equipment and administration;

    d.    Plaintiffs' Liaison or Lead Counsel administrative matters, e.g., bank or financial institution charges, costs for equipment, technology, courier services, photocopying, etc.;

    e.    LCC and PSC group administration matters such as meetings and conference calls;

    f.    Legal and accountant fees;

    g.    Expert witnesses and consultant fees and costs;

    h.    Printing, copying, coding, scanning (out of house or extraordinary firm costs);

    i.    Research by outside third party vendors/consultants/attorneys;

    j.    Common witness costs including travel;

    k.    Translation costs, and

    l.    Investigative service.

If MDL counsel has the above listed costs that have not been reimbursed previously, those costs should be submitted as common benefit costs as set forth in this section;

6)    For Non-MDL Counsel cost submissions:

    a.    Only fees and costs associated with common benefit state discovery that were authorized by the leadership of the state court cases will be considered:

        i.    Court, filing and service costs;

        ii.    Deposition and court reporter costs;

    iii.    Document depository: creation, operation, staffing, equipment, and administration;

    iv.    Plaintiffs' Liaison or Lead Counsel administrative matters, e.g., bank or financial institution charges, costs for equipment, technology, courier services, photocopying, etc.;

    v.    Group administration matters such as meetings and conference calls;

    vi.    Legal and accountant fees;

    vii.    Expert witnesses and consultant fees and costs;

    viii.    Printing, copying, coding, scanning (out of house or extraordinary firm costs);

    ix.    Research by outside third party vendors/consultants/attorneys;

    x.    Common witness costs including travel;

    xi.    Translation costs, and

    xii.    Investigative service.

7) No party will be reimbursed for obtaining his or her own personal copy of a deposition transcript;

8) Only the following will be considered for reimbursement regarding travel costs:

    a.    Airfare reimbursement available up to the price of coach seat for a reasonable and necessary common benefit related itinerary. A copy

      of receipt or some other form of proof of payment must be submitted;

  b.    Hotel rooms will be reimbursed up to the greater of $300 per night excluding taxes or surcharges or the average available room rate of the Hyatt, Hilton, Marriott, and Westin hotels in the city. A copy of receipt or some other form of proof of payment must be submitted;

  c.    Associated costs (e.g. Laundry, toiletries, etc) over $15 will not be reimbursed;

  d.    Meal costs must be reasonable. A copy of receipt or some other form of proof of payment must be submitted;

  e.    Miscellaneous cash costs for which no receipt is generally available (tips, luggage handling, etc.) will be reimbursed up to $50 per trip (must be itemized);

  f.    Luxury automobile rentals will not be fully reimbursed (unless that was the only option available). Only non-luxury rate will be reimbursed. If Counsel rented a luxury vehicle when a non-luxury vehicle was available the submitting Counsel must provide the CBAFCC with the rates for the non-luxury vehicle rental as well;

9)    Long distance and cellular phone charges must be documented and copies of phone bills submitted with notations as to which charges relate to common benefit work;

10) Shipping/Courier/Delivery charges must be documented with bills showing sender, origin of package, recipient and destination of package;

11) A contemporaneous postage charge log or other supporting documentation must be maintained and submitted. Postal charges are to be reported at actual costs to submitting Counsel;

12) A contemporaneous fax charge log showing faxes sent and received must be maintained and submitted (pre-fax charge shall not exceed $1.00 per page);

13) A contemporaneous photocopy log or other supporting documentation must be maintained and submitted (the maximum copy charge is $0.15 per page);

14) Reimbursement for authorized and appropriate secretarial and clerical time must include an itemized description of the task and time spent for each individual;

15) Lexis/Westlaw and other computerized legal research costs should be in the exact amount charged to the submitting firm for these research services;

16) No monetary sanctions levied by the Court on any attorney shall be reported as a cost.

### **CBAFCC Live Presentations**

This presentation is <u>not mandatory</u> to receive an allocation from the CBAFCC. Each firm may choose to make a 15-minute live, confidential presentation to the CBAFCC relating to the firm's common benefit time and costs. Only one member from each firm may present the firm's material. The presentations should be specific to the firm's efforts and contributions to the common benefit of Plaintiffs and the discovery, trial and/or resolution of the Guidant litigation. Firms should contact Elizabeth Peterson

at Zimmerman Reed by email (eap@zimmreed.com) no later than 3 days before the date of presentation to secure a presentation time and must designate, at that time, who the presenter will be.  The following dates and locations have been set aside by the CBAFCC to hear these presentations:

    Tuesday, March 11:  Minneapolis, MN

    Tuesday, March 18:  New York City, NY

    Tuesday, March 25:  Scottsdale, AZ

    Thursday, April 3:  Dallas, TX

    Thursday, April 10:  Miami, FL

All presentations will be confidential and will not be discussed by CBAFCC members outside of committee deliberations.  These meetings will not be recorded by video or have formal transcripts.  Notes will be taken for internal committee use and will be made available to the Court, only upon request.  Notes and/or records kept by individual CBAFCC members for their own use will not be available.

### **Information**

Questions regarding the CBAFCC Policies, Procedures, Protocols and Guidelines please contact by e-mail the CBAFCC chair at csz@zimmreed.com.

Respectfully submitted by the members of the CBAFCC,

Charles S. Zimmerman    Elizabeth Cabraser
Zimmerman Reed, PLLP    Lieff, Cabraser, Heimann & Bernstein, LLP

Christopher A. Seeger    Nicholas J. Drakulich
Seeger Weiss, LLP     The Drakulich Firm

    Michael K. Johnson             Gale D. Pearson
    Goldenberg & Johnson, PLLC    Pearson, Randall & Schumacher, PA

Accordingly**, IT IS HEREBY ORDERED,** that:

1. The forgoing CBAFCC Policies, Procedures, Protocols and Guidelines for Allocation of the Common Benefit Attorney Fee Fund and the Common Cost Fund are hereby approved for distribution to all counsel and for use by the CBAFCC for developing and submitting its common benefit attorney fee and cost allocation proposal.

2. This order amends and supplements the Court's previous PTO 6.


Dated:  March 3, 2008         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court