# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to: | |
| Donald Alexander, | |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v.          Civil No. 07-1129 (DWF/AJB) | |
| Boston Scientific Corporation and Guidant Subsidiary of Boston Scientific Corporation, | |
| Defendants. | |

Donald Alexander, 31057 Oak Ridge Drive, Rocky Mount, MO 65072, *pro se*.

Timothy A. Pratt, Esq., Deborah A. Moeller, Esq., and Julie R. Somora, Esq., Shook Hardy & Bacon, LLP, counsel for Defendants Boston Scientific Corporation and Guidant Subsidiary of Boston Scientific Corporation.

J. Thaddeus Eckenrode, Esq., and Lisa Chazen, Esq., Eckenrode-Maupin, Attorneys at Law, counsel for Michael L. Shapiro, M.D. and Metro Heart Group of St. Louis, Inc.

This matter is before the Court pursuant to (1) Plaintiff Donald Alexander's

Motion to Add Michael Shapiro, M.D. and St. Louis Metro Heart Group[1] as Additional

---

[1]     Metro Heart Group of St. Louis, Inc. ("Metro Heart Group") explains that Alexander misidentifies it as St. Louis Metro Heart Group.

Defendants, and Elaine Alexander as Additional Plaintiff in this Cause of Action, and

(2) Alexander's Motion for Leave of Court to Amend Complaint.  For the reasons stated

below, the Court denies Alexander's Motion to Add Michael Shapiro, M.D. and St. Louis

Metro Heart Group as Additional Defendants, grants Alexander's Motion to Add Elaine

Alexander as Additional Plaintiff, and grants in part and denies in part Alexander's

Motion for Leave of Court to Amend Complaint.

## BACKGROUND

On May 25, 2006, Alexander was implanted with a Model 1291 Guidant

pacemaker at St. Anthony's Medical Center ("St. Anthony's").  The Model 1291 device

was manufactured in December 2005.  Prior to its manufacture, on September 22, 2005,

Guidant issued a recall regarding its Model 1291 Guidant pacemakers, among others.

The recall was based on two failure modes.

As to the first failure mode, Guidant recommended that physicians "consider the

projected low and declining failure rate in addition to the unique needs of individual

patients in their medical decisions regarding patient management" and recommended

"normal monitoring, as per device labeling."  (3/9/07 Aff. of V. Scott Williams in Supp.

of Def. St. Anthony's Mot. to Dismiss and Mem. of Law in Opp'n to Pl.'s Mot. for

Remand ("Williams Aff.") ¶ 1, Ex. C.)  In addition, Guidant stated, "As always, advise

patients to seek attention immediately if they experience syncope or lightheadedness."

(*Id.*)  As to the second failure mode, Guidant recommended the following:

> Guidant recommends verifying pacemaker operation in the packaging prior
> to the implant procedure.  Devices exhibiting intermittent or permanent loss
> or output or telemetry should not be implanted.

> Physicians should consider both the very low occurrence rate and that no failures have been observed after successful confirmation of pacing at implant, in addition to the unique needs of individual patients, in their medical decisions regarding patient management.

(*Id*.)

Approximately two months later, on December 12, 2005, Guidant issued an "Advisory Update" that addressed the September 22, 2005 recall letter.  There, Guidant explained the following:

> In March of 2004, Guidant discontinued shipping from manufacturing facilities INSIGNIA and NEXUS devices susceptible to "Failure Mode 1."
>
> Guidant has recently discontinued shipping from manufacturing facilities INSIGNIA and NEXUS devices susceptible to "Failure Mode 2."  While Guidant recommends normal monitoring for patients implanted with these devices, Guidant representatives will retrieve and replace remaining hospital inventory with product free from susceptibility to "Mode 2" peri-implant failure.
>
> INSIGNIA and NEXUS devices currently being distributed by Guidant are not subject to either failure mode and therefore are not included in either recall.

(*Id*. ¶ 1, Ex. D.)  Although Alexander's Model 1291 device was manufactured in December 2005, it is unclear whether the device was manufactured and shipped prior to this December 12, 2005 Advisory Update.

Approximately one month after Alexander's implant surgery, on June 23, 2006, Guidant issued a separate recall of the Model 1291.  Thereafter, on July 7, 2006, Alexander received notice from Metro Heart Group that the specific Guidant pacemaker that was implanted in him had been recalled in connection with defective product concerns.

On July 25, 2006, Alexander filed this case against Defendants Boston Scientific

Corporation ("BSC"), Guidant Subsidiary of Boston Scientific Corporation ("Guidant"),

and St. Anthony's in the Circuit Court of St. Louis County, Missouri.  On August 25,

2006, BSC and Guidant removed the case to the United States District Court for the

Eastern District of Missouri, Eastern Division, asserting that complete diversity exists

because Alexander improperly joined St. Anthony's to defeat diversity jurisdiction.  BSC

and Guidant then filed a motion to stay all proceedings pending transfer of Alexander's

case to the District of Minnesota as part of MDL No. 1708.  The United States District

Court for the Eastern District of Missouri granted the motion to stay and on February 7,

2007, the case was formally transferred to the District of Minnesota as part of MDL

No. 1708.

On February 20, 2007, Alexander filed a Motion to Remand to St. Louis County

Circuit Court, claiming that St. Anthony's was a proper defendant in the case and

therefore complete diversity is lacking.  On March 9, 2007, St. Anthony's filed a Motion

to Dismiss, claiming that Alexander failed to state a claim against St. Anthony's.  On

June 4, 2007, this Court granted Alexander's Motion for Remand as to Defendant

St. Anthony's, but denied the motion as to all remaining Defendants, thereby severing

and remanding Alexander's claims against St. Anthony's to St. Louis County Circuit

Court.  The Court denied St. Anthony's Motion to Dismiss as moot.

On August 31, 2007, Alexander amended his state-court Complaint to add Shapiro

and Metro Heart Group as Defendants.  Alexander asserts that Shapiro and Metro Heart

Group acted in concert with a Guidant Corporation employee to implant a Guidant

pacemaker into Alexander that they knew was potentially defective and dangerous prior to the implant.

On September 26 and November 20, 2007, the state court dismissed Alexander's claims against St. Anthony's without prejudice.  Then, on February 21, 2008, the state court dismissed Alexander's claims against Shapiro and Metro Heart Group without prejudice.[2]  On March 6, 2008, Alexander filed the present motions to add Shapiro and Metro Heart Group as Defendants, Elaine Alexander as Plaintiff, and for leave of Court to amend the Complaint.

## DISCUSSION

### I.    Motion to Add Shapiro and Metro Heart Group as Defendants, and Elaine Alexander as Plaintiff

Metro Heart Group asserts that Alexander's motion should be denied because he is attempting to fraudulently join Shapiro and Metro Heart Group to the pending case. Alternatively, Metro Heart Group asserts that Shapiro and Metro Heart Group should be severed from this lawsuit because they would be misjoined.  Specifically, Metro Heart Group contends that the asserted claims against Shapiro and Metro Heart Group do not arise out of the same transaction or occurrence as the claims against BSC and Guidant because the claims against Shapiro and Metro Heart Group are based on medical negligence while the claims against BSC and Guidant are based on product liability.

---

[2]    Guidant, BSC, Shapiro, and Metro Heart Group assert that the state court dismissed Alexander's claims against Shapiro and Metro Heart Group because Alexander failed to file the appropriate healthcare affidavit as required under Missouri law.

Guidant and BSC assert that Alexander's request is untimely, prejudicial to the Guidant

Defendants, and futile.

When a plaintiff seeks to amend the complaint by adding a non-diverse defendant,

the court has discretion to either permit or deny such joinder. *See* 28 U.S.C. § 1447(e).[3]

When amending the complaint will defeat diversity jurisdiction, the court instead should

take the following into account:  (1) the extent to which the purpose of the amendment is

to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking the

amendment; (3) whether plaintiff will be significantly injured if the amendment is not

allowed; and (4) any other factor bearing on the equities. *Hensgens v. Deere & Co.*, 833

F.2d 1179, 1182 (5th Cir. 1987).

Here, the Court finds that Alexander was dilatory in seeking this amendment and

has not shown that he will be prejudiced by the Court's denial of his motion to add these

Defendants.[4]  The Court reminds Alexander that his action in Missouri state court was

dismissed without prejudice.  Therefore, he is not foreclosed from re-filing his case

against Shapiro and Metro Heart Group in state court.  In addition, courts may deny

motions to amend pleadings where the amendment would be futile. *Popoalii v. Corr.*

*Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  Here, by adding Shapiro and Metro

---

[3]     The statute provides:  "If after removal the plaintiff seeks to join additional
defendants whose joinder would destroy subject matter jurisdiction, the court may deny
joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

[4]     The Court does not make a finding as to whether Alexander has sought to join
Shapiro and Metro Heart Group for the sole purpose of defeating jurisdiction.

Heart Group, the Court would inevitably be presented with a motion to sever and remand the claims against those Defendants to state court.

The Federal Rules of Civil Procedure allow for permissive joinder of defendants as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).[5]  If defendants have been misjoined for the failure to satisfy the conditions for permissive joinder under Rule 20(a)(2), the Rules allow for severance of those defendants:

> Misjoinder of parties is not ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also severe any claim against a party.

Fed. R. Civ. P. 21.

Upon review of the applicable rules, the current pleadings, and assertions of the parties, the Court would ultimately find Shapiro and Metro Heart Group to be improperly joined in this case.  The joinder of the malpractice claim against Shapiro and Metro Heart Group with the other product liability claims would be found to be inappropriate because the claims do not both involve common questions of law or fact and assert joint, several,

---

[5]    The Missouri rule on permissive joinder is similar to the federal rule in all relevant parts here. *See* Mo. R. Civ. P. 52.05.

or alternative liability "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Any liability that may be found against either BSC/Guidant or Shapiro and Metro Heart Group would not be a basis for liability as to the other. However, separate liability as to each could be separately found. As explained in this Court's June 4, 2007 Order severing and remanding Alexander's claims against St. Anthony's, this finding would be consistent with how joinder has been interpreted in Missouri.

Because Alexander has been dilatory in seeking the amendment to add Shapiro and Metro Heart Group as Defendants and will not be significantly injured if the amendment is not allowed, and because allowing the amendment would be futile in light of the fact that it would result in the Court's ultimate ruling that Shapiro and Metro Heart Group were misjoined, the Court denies Alexander's Motion to add Shapiro and Metro Heart Group as Defendants in this action.

However, because no party objects to Alexander adding Elaine Alexander as an additional Plaintiff to this action, the Court grants Alexander's motion in this regard.

## II.      Motion to Amend Complaint

"[A] party may amend its pleading . . . with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). However, as explained above,

when a plaintiff seeks to amend the complaint by adding a non-diverse defendant, the court has discretion to either permit or deny such joinder.  *See* 28 U.S.C. § 1447(e).

Because the Court denies Alexander's motion to add Shapiro and Metro Heart Group as additional Defendants, the Court also denies Alexander's Motion to amend the Complaint to add Shapiro and Metro Heart Group as Defendants and/or to add allegations relating to claims against Shapiro and Metro Heart Group.  However, because the Court grants Alexander's motion to add Elaine Alexander as an additional Plaintiff, the Court grants Alexander's motion to amend the Complaint for the limited purpose of adding this Plaintiff and facts supporting her claim.

## CONCLUSION

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Alexander's Motion to Add Michael Shapiro, M.D. and St. Louis Metro Heart Group as Additional Defendants, and Elaine Alexander as Additional Plaintiff in this Cause of Action, (MDL No. 05-1708 (DWF/AJB), Doc. No. 2632; Civil No. 07-1129 (DWF/AJB), Doc. No. 31) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is allowed to add Elaine Alexander as an additional Plaintiff but is not allowed to add Shapiro and Metro Heart Group as additional Defendants.

2.      Plaintiff Alexander's Motion for Leave of Court to Amend Complaint (MDL No. 05-1708 (DWF/AJB), Doc. No. 2633; Civil No. 07-1129 (DWF/AJB), Doc. No. 32) is **GRANTED IN PART AND DENIED IN PART**.  Alexander is allowed to

amend the Complaint for the limited purpose of adding Elaine Alexander as Plaintiff and

facts supporting her claim.


Dated:  April 8, 2008                          s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               Judge of United States District Court