**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to:<br><br>Euretha Crain, et al.,<br><br>          Plaintiffs,<br><br>v.          Civil No. 07-1557 (DWF/AJB)<br><br>Guidant Corporation, et al.,<br><br>          Defendants.<br><br>(as to Plaintiff Euretha Crain only) | **ORDER** |

This multi-district litigation ("MDL") commenced in November 2005 when the Judicial Panel on Multidistrict Litigation consolidated certain actions and transferred them to the District of Minnesota for pre-trial proceedings against Defendants Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers, Inc. (collectively, "Guidant"). These actions were brought for injuries alleged to have been caused by certain defective implantable defibrillator devices and pacemakers manufactured by Guidant.

Subsequently, Plaintiff Euretha Crain, by and through her attorneys, joined the MDL by filing suit against Guidant. In July 2007, the Plaintiffs' Lead Counsel Committee and Guidant entered into a Master Settlement Agreement ("MSA") that

requires, among other things, individual plaintiffs to affirmatively state whether they wish to participate in the settlement by completing and signing certain documents before knowing precisely what amount of recovery an individual plaintiff may be entitled to receive.

Ms. Crain's attorneys have now filed a Motion for Withdrawal of Counsel Without Substitution pursuant to District of Minnesota Local Rule 83.7(c). That rule provides "withdrawal without substitution may be granted only by a motion made before the Court, for *good cause shown*." D. Minn. L.R. 83.7(c) (emphasis added). In response to these motions, the Court sent Ms. Crain a letter dated November 20, 2008, allowing her to respond in writing to the motion within one week after receiving the letter. The Court also gave Plaintiffs' Lead Counsel Committee and Guidant the opportunity to respond to the Motion for Withdrawal.

The Court received a letter from Ms. Crain on December 8, 2008. In that letter, Ms. Crain objects to her attorneys' motion. She states that she has signed and sent documents to her attorneys indicating that she wishes to participate in the settlement. However, she objects to signing any releases until she is told what her monetary recovery amount will be.

The Court has reviewed the Motion for Withdrawal. The Court understands Ms. Crain's frustrations, but it, together with her Ms. Crain's counsel, are bound to the terms of the MSA, which require certain documents to be signed before recovery amounts can be known. Therefore, based on a review of the files and given the requirements necessary to proceed under the MSA, the Court finds that good cause exists to allow Ms.

Crain's attorneys to withdraw from representing her. The Court concludes that Ms. Crain's interests will be best served if she is allowed to find new counsel to represent her.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Simmons Cooper, LLC's Motion to Withdraw as Counsel (Civ. No. 07-1557 (DWF/AJB), Doc. No. 11) is **GRANTED**. However, entry of this order shall be **STAYED** for two weeks so that, after reviewing this Order, Ms. Crain could chose to continue to work with Simmons Cooper, LLC, to finalize her settlement documents. During the pendency of the stay, Simmons Cooper, LLC, is expected to continue to represent Ms. Crain.

2. Simmons Cooper, LLC, shall provide a copy and inform Ms. Crain of the substance of this Order (by U.S. Mail to the Plaintiff's most recent address) and provide her with the contact information for Guidant and the Plaintiffs' Lead Counsel Committee. The law firm shall also attempt to provide Ms. Crain with her files and all case documents, at no cost to Ms. Crain.

3. Simmons Cooper, LLC shall provide Guidant and the Plaintiffs' Lead Counsel Committee with Ms. Crain's current and/or most recent contact information, including mailing address, telephone numbers, and e-mail address.

4. Ms. Crain is encouraged to immediately seek new counsel. If she cannot afford to do so, the Court encourages her to investigate the possibility of a volunteer attorney service in her area. The Court also encourages Ms. Crain to contact MDL Plaintiff Attorney Elizabeth Peterson at 1-800-755-0098 to discuss her options under the MSA.

**IT IS SO ORDERED.**

Dated:  December 30, 2008            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court