**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This document applies to: ALL ACTIONS | **ORDER REGARDING THE NAMED TPP PLAINTIFFS' MARCH 30, 2009 MOTION FOR RECONSIDERATION** |

This matter is before the Court pursuant to a Motion for Reconsideration brought by Plaintiffs UFCW Local 1776 and Participating Employers Health and Welfare Fund and the City of Bethlehem (collectively, the "named TPP Plaintiffs"). The Motion requests that the Court reconsider its May 9, 2007 Orders and/or its November 16, 2007 Order. For the reasons set forth below, the Court denies the Motion.

**BACKGROUND**

In the Master Complaint,[1] the named TPP Plaintiffs assert class claims against Guidant on behalf of themselves and all other similarly situated third-party payors who have incurred costs associated with Guidant's recalled pacemakers and defibrillators. On

---

[1] Unless otherwise noted, all docket references will be to MDL No. 05-1708 (DWF/AJB). For consistency, the Court will reference the allegations in the Master Complaint, although the Master Complaint was amended on February 21, 2007, to add a claim for punitive damages. (*See* Doc. No. 1195.)

May 9, 2007, the Court dismissed without prejudice[2] seven of the named TPP Plaintiffs' claims[3] against Guidant after concluding that the named TPP Plaintiffs lack standing to pursue those claims and noting that such claims were not ripe. (Doc. No. 1743.) In a second Order dated May 9, 2007, the Court also denied the named TPP Plaintiffs' request to amend the seven claims in the Master Complaint considering that any amendment would be futile because the claims were not ripe given that they were dependent on finding that Guidant was first liable to the named TPP Plaintiffs' insureds. (Doc. No. 1739.)

Later, the named TPP Plaintiffs filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit, which the Eighth Circuit dismissed for lack of jurisdiction on August 17, 2007. (Doc. No. 2339.) The named TPP Plaintiffs also filed Motion for Entry of Judgment Under Fed. R. Civ. P. 54(b) or, in the Alternative, for Certification Under 28 U.S.C. § 1292(b). (Doc. No. 2200.) The Court denied that Motion on November 16, 2007, finding that the named Plaintiffs' TPP claims were not

---

[2] The Court originally dismissed the remaining seven claims with prejudice in its April 16, 2007 Order. (Doc. No. 1591.) In response to a request by the named TPP Plaintiffs, the Court, in an Order dated May 9, 2007, amended the April 16, 2007 Order to dismiss the seven claims without prejudice. (Doc. No. 1743.)

[3] The seven claims-at-issue are: (1) violation of the Minnesota Deceptive Trade Practices Act; (2) violation of the Minnesota Prevention of Consumer Fraud Act; (3) violation of the Minnesota False Statements in Advertising Statute; (4) unfair and deceptive trade practices under state law; (5) breach of implied warranty; (6) breach of assumed contractual warranty obligations; and (7) misrepresentation by omission. In the Master Complaint, the named TPP Plaintiffs also allege claims for Subrogation Liability Determination and Unjust Enrichment, but those claims are not part of the present motion.

separate or distinct from the other claims in the Master Complaint and that the claims at issue did not involve controlling questions of law and would not materially advance the ultimate termination of the litigation. (Doc. No. 2497.)

In December 2007, a global settlement concerning the individual plaintiffs was reached. Since that time, Guidant and the Plaintiffs' Lead Counsel Committee have been working on settlement administration. Given these developments, the named TPP Plaintiffs now contend that their claims are ready to be adjudicated. On March 30, 2009, the named TPP Plaintiffs filed a Motion for Reconsideration, seeking to have the Court reconsider its May 9, 2007 Orders and/or its November 16, 2007 Order.[4]

**DISCUSSION**

Pursuant to Local Rule 7.1(g), a request for leave to file a motion for reconsideration will only be granted upon a showing of "compelling circumstances." A motion to reconsider should not be employed to relitigate old issues but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

The named TPP Plaintiffs assert that the Court's May 9, 2007 and November 16, 2007 Orders should be reconsidered because they are based on three primary errors: (1) because consolidation of the named TPP Plaintiffs' claims in the

---

[4] The named TPP Plaintiffs originally contacted the Court in writing asking for a telephone conference. (Doc. No. 3785.) Guidant responded to the request, and the named TPP Plaintiffs replied to Guidant's response. (Doc. Nos. 3787 & 3804.) The Court decided to treat the named TPP Plaintiffs' letters as a request for permission to file
(Footnote Continued on Next Page)

Master Complaint was for administrative purposes only, the dismissal of those claims should have resulted in a final appealable order; (2) the claims alleged by the named TPP Plaintiffs are in no way limited to instances where the TPP's insureds also have an underlying personal injury claim against Guidant; and (3) the named TPP Plaintiffs are alleging direct claims against Guidant that are in no way linked to the resolution of the personal injury claims of individual plaintiffs. The named TPP Plaintiffs contend that the Court's Orders have placed them in a "permanent limbo," for which they request relief.

In response, Guidant contends that the named TPP Plaintiffs' claims are still not ripe and that the settlement has made many of their claims moot. Guidant asserts that the named TPP Plaintiffs have not satisfied the standard for a motion for reconsideration, much less the standards for certification under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b).

The Court has carefully reviewed the parties' memoranda that were filed in connection with the current motion and prior to the Court's May 9, 2007 and November 11, 2007 Orders. In doing so, the Court notes that the argument that the named TPP Plaintiffs' claims are in no way limited to instances where the TPP's insureds also have an underlying personal injury claim against Guidant in this MDL appears to be a new argument or, at the very least, an argument that is now being flushed out. Nonetheless, there appears to be no dispute that the named TPP Plaintiffs have insureds

---

(Footnote Continued From Previous Page)
a motion for reconsideration pursuant to Local Rule 7.1(g). The Court granted that request, and the named TPP Plaintiffs then filed the current motion before the Court.

4

who have asserted claims against Guidant in this MDL and insureds who have not asserted claims against Guidant in this MDL. Given this, the Court will address the named TPP Plaintiffs' arguments with respect to these two groups of insureds.

To the extent that the named TPP Plaintiffs' seven claims relate to insureds who have asserted claims against Guidant in this MDL, the reasoning behind the Court's previous rulings remains unchanged. In the settlement, Guidant expressly denied liability, and there has been no other adjudication regarding Guidant's liability. Given this, the Court stands by its May 9, 2007 and November 16, 2007 Orders and, for this reason, denies the named TPP Plaintiffs' Motion for Reconsideration because it is an attempt to relitigate old issues.

To the extent that the named TPP Plaintiffs' seven claims purport to relate to insureds who have not asserted claims against Guidant in this MDL, the Court respectfully suggests that it would lack jurisdiction over such claims based on the express language of the Transfer Order that established this MDL for the purposes of consolidating pretrial proceedings over personal injury claims related to certain defibrillator and pacemaker devices manufactured by Guidant. (*See* Doc. No. 1.) Even if it were to have jurisdiction over such claims, the Court believes that its decision regarding lack of standing would equally apply to those claims. Bare allegations of direct injury and casual connection do not, by themselves, establish standing. While a party is only required to make a short and plain statement of its claims, the use of buzzwords, coupled with only vague and conclusory allegations, is insufficient to withstand a motion

5

to dismiss, especially in light of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

Finally, it should be noted that Guidant's Motion to Dismiss, which resulted in the May 9, 2007 Order, was directed at the allegations contained in the Master Complaint, not to the named TPP Plaintiffs' individual Complaints that have different counts contained within them.[5] To the extent the named TPP Plaintiffs wish for those Complaints to be dismissed, they may make, pursuant to Federal Rule of Civil Procedure 41, a motion to have them dismissed or submit a joint stipulation with Guidant for their dismissal.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

---

[5] It should also be noted that both the UFCW Local 1776 and Participating Employers Health and Welfare Fund (the "UFCW") and the City of Bethlehem (the "City") filed individual Complaints directly in this Court. Specifically, the UFCW filed a class action lawsuit on December 9, 2005. When the case was filed, the UFCW noted on its civil cover sheet that the case was related to the Guidant MDL. The case was originally assigned to then-Chief Judge James M. Rosenbaum and Magistrate Judge Jeanne J. Graham and later assigned to the Guidant MDL pursuant to an Order for Reassignment of Related Cases. (Civ. No. 05-2859 (DWF/AJB), Doc. No. 6.) The City filed its class action Complaint on December 13, 2005, and the civil cover sheet did not indicate that it was related to any cases. The case was originally assigned to Judge Richard H. Kyle and Magistrate Judge Janie S. Mayeron. Judge Kyle later recused himself, and the case was assigned to the undersigned and Magistrate Judge Susan Richard Nelson. The case was transferred to the Guidant MDL after Guidant filed a request that it be transferred. (Civ. No. 05-2883 (DWF/AJB), Doc. No. 10.)

1. The named TPP Plaintiffs' Motion for Reconsideration (MDL No. 05-1708 (DWF/AJB), Doc. No. 3821) is **DENIED**.

Dated: July 1, 2009                  <u>s/Donovan W. Frank</u>
DONOVAN W. FRANK
Judge of United States District Court