# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This document applies to:<br><br>ALL ACTIONS | **ORDER FOR DISMISSAL WITH PREJUDICE PURSUANT TO OCTOBER 16, 2009 SHOW CAUSE ORDER** |

This multi-district litigation, MDL No. 05-1708, *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, has been pending for nearly four years. The settlement of the vast majority of plaintiffs' cases in MDL No. 05-1708 is in its final stages, and over 8,100 plaintiffs and claimants have resolved their claims through the settlement process to date. As of October 16, 2009, however, there were 128 plaintiffs who had cases pending in this Court and were eligible to participate in the settlement but had not yet indicated to the Court or the parties (despite repeated requests) whether they intended to settle or to pursue their claims (or, if they had once indicated their intent to participate in the settlement, they had not followed through by submitting the required forms).

In a letter dated November 21, 2008, the Court had previously attempted to ascertain the intention of these plaintiffs by requiring them to return a Declaration of Intent by December 5, 2008. On the Declaration of Intent, each plaintiff was to indicate whether he or she wished to participate in the settlement or, if not interested in settling, to indicate whether he or she intended to pursue his or her lawsuit. The great majority of

these 128 non-settling plaintiffs did not return a Declaration of Intent. A few of these plaintiffs did return a Declaration of Intent indicating a desire to participate in the settlement but did not follow through by submitting the required forms. Thus, these plaintiffs are primarily individuals who, as of October 2009, had neither demonstrated an interest in the settlement nor done anything to indicate an intent to pursue litigation outside the settlement.

On October 16, 2009, the Court issued a Show Cause Order For Dismissal With Prejudice of Non-Responding Settlement-Eligible Plaintiffs. (MDL 05-1708 (DWF/AJB), Doc. No. 4139.) In that Order, the Court explained that the time had come for it to determine whether any of these 128 non-settling plaintiffs intended to litigate their claims. Specifically, for those plaintiffs who intended to litigate their claims—and who appeared for a case management conference and satisfied the requirements imposed at that conference—the Court explained that it would begin taking steps to coordinate and oversee such litigation going forward. The Court also stated that it would dismiss with prejudice the claims of those plaintiffs who either failed to appear in person for a case management conference (without advance permission from the Court) or failed to satisfy the conditions imposed at that conference.

Pursuant to the October 16, 2009 Order, all counsel for plaintiffs and all *pro se* plaintiffs (i.e., plaintiffs who have no counsel and who represent themselves) listed in Exhibit A to that Order were required to appear in person before the Court for a case management conference on November 9, 2009, to show cause why their claims should not be dismissed with prejudice. The Court expressly stated that in-person attendance at

the conference was mandatory and cautioned that failure of counsel for each plaintiff or failure of a *pro se* plaintiff to appear (without advance permission from the Court) would result in the immediate dismissal of that plaintiff's claims with prejudice. The Court set up a procedure according to which counsel and *pro se* plaintiffs could contact Elizabeth Peterson of Plaintiffs' Liaison Counsel's office to request advance permission to attend the case management conference by telephone.[1]

Prior to the November 9, 2009 case management conference, a total of 20 *pro se* or represented plaintiffs or their representatives contacted Elizabeth Peterson of Plaintiffs' Liaison Counsel's office.[2] Those who contacted Ms. Peterson are as follows: (a) four *pro se* plaintiffs—William Buckner, Kaylene Dial, Patricia Ostiguy and Giovanna Urbano—indicated that they would like to dismiss their claims <u>with</u> prejudice;

---

[1]     For the sake of consistency and ease of reference, the Court will refer to all plaintiffs or their representatives by the device recipient's name, as listed in Exhibit 1, which is attached to this Order. Exhibit 1 contains additional information on the parties' extensive efforts to ensure that all counsel for plaintiffs and all *pro se* plaintiffs listed in Exhibit A to the Show Cause Order were served with that order. Exhibit 1 was made part of the record at the November 9, 2009 hearing. The version attached hereto has been redacted to protect certain private information.

[2]     In addition, Michael Hodges, Esq., on behalf of plaintiff Christopher Nix, also contacted Ms. Peterson explaining that he no longer represented Mr. Nix. While it is true that Mr. Hodges filed a motion to withdraw as counsel, *see* Civ. No. 07-3012 (DWF/AJB), Doc. No. 5, that motion was not granted because Mr. Hodges failed to provide the Court with a copy of his client's most recent address. Further, Brian Herrington, on behalf of Edwina Weisnicht, contacted Ms. Peterson to explain that the law firm of Freese Goss now represents Ms. Weisnicht. Ms. Peterson forwarded a copy of the October 16, 2009 Order to Freese Goss. Currently, Tamara L. Banno, Esq., of Tamara L. Banno PC; Richard A Freese, Esq., of Freese & Goss, PLLC; Tim K. Goss, Esq., of Capshaw Goss Bowers LLP; and Brian K. Herrington, Esq., of Herrington Law, PA, are all listed as counsel of record for Ms. Weisnicht.

(b) two *pro se* plaintiffs—Benjamin Lebow[3] and Manuel Pagan[3]—indicated that they would like to have their claims dismissed <u>without</u> prejudice; (c) one plaintiff represented by counsel—Lawrence Locke—indicated that he wished to have his claims dismissed with prejudice;[4] (d) one *pro se* plaintiff—Lonnie Crain—indicated that he wished to continue his litigation and requested a call-in number to participate in the case management conference;[5] and (e) fifteen[6] plaintiffs—Rodolfo Espinosa, Elaine Fowler, Ernest Frederick, Joseph Freel, Johnny Henderson, Robert Howard, Deane King, Edward Lipscomb, Carl Moore, William Napolitano, Mary Newton, Richard Overmann, John Reid, Betty Shumway, and Jose Souffront Borrero—indicated their intent to participate in

---

[3] Mr. Lebow sent Ms. Peterson an e-mail dated November 6, 2009, explaining why he wishes that his case be dismissed without prejudice. To date, Mr. Lebow has made no formal motion with the Court.

[3] Later, an attorney for Mr. Pagan requested that a settlement packet be sent to him. To date, Mr. Pagan has not yet returned any settlement paperwork.

[4] In a letter dated November 6, 2009, Steven Resnick, Esq., of Barroway, Topaz, Kessler, Meltzer & Check, also informed the Court of his client's desire to have his claims dismissed with prejudice.

[5] Mr. Crain's representative, Euretha Crain, did not call in to participate in the conference.

[6] Three of these fifteen plaintiffs attempted to contact Ms. Peterson while she was attending the case management conference on November 9, 2009—Shirley Brooks, daughter of Ernest Frederick; Carol Decaro, daughter of William Napolitano; and Richard Overmann. This was the first attempted contact for plaintiffs Frederick and Overmann. Although Ms. Decaro had previously attempted to contact Ms. Peterson, she failed to respond to a voicemail that Ms. Peterson left for her prior to the date of the case management conference. All three of these plaintiffs have indicated a desire to participate in the settlement.

4

the settlement.[7]  Of these last fifteen plaintiffs, Ms. Fowler and Mr. Howard are represented by Patrick Mulligan, Esq., of the Mulligan Law Firm.[8]

The Court held its case management conference at 3:00 p.m. on November 9, 2009.  Charles Zimmerman, Esq., and Elizabeth Peterson, Esq., appeared in person on behalf of Plaintiffs' Liaison Counsel.  Jeffrey Nelson, Esq., and Matthew Keenan, Esq., appeared in person on behalf of Guidant.  Brett Hiser, Esq., appeared in person on behalf of the ten plaintiffs represented by Mr. Mulligan.  Steven Davis, Esq., on behalf of his client, Richard Kaiser, appeared by telephone.  Two representatives of

---

[7]     As of November 9, 2009, four of these fifteen plaintiffs—Jane Freel, Deane King, John Reid, and Jose Souffront Borrero—had submitted settlement paperwork.  Minnie Franklin, on behalf of Johnny Henderson, informed the Court's staff in a telephone call after the conference that she had also returned her settlement paperwork.

[8]     Twenty of the 128 plaintiffs are represented by counsel.  Mr. Mulligan represents ten of those twenty plaintiffs:  Felicia Briggs, who is listed in the body but not the caption of Civ. No. 07-4048 (DWF/AJB) and for whom Mr. Mulligan has never sought to withdraw as counsel; Christine Egardo; Elaine Fowler; Alfred Heeter; Robert Howard; Moses Jones; Glenn Lamont; Alvie Lilley; Charles Parker; and John Scarpinato, for whom Mr. Mulligan has sought to withdraw but because the plaintiff is deceased, the Court has declined to rule on that motion.

Mr. Mulligan first asked to appear by telephone at the status conference, a request which the Court denied.  Mr. Mulligan's office then informed Ms. Peterson's office that he would appear in person at the status conference.  However, Mr. Mulligan did not appear.  Instead, Brett Hiser, Esq. of the Mulligan Law Firm appeared.   Although Mr. Hiser adequately answered the Court's questions with respect to these ten plaintiffs, it should be noted that Mr. Hiser is not listed as an attorney of record for any of those plaintiffs.  At the conference, Mr. Hiser indicated that Ms. Fowler and Mr. Howard intended to participate in the settlement but that they have yet to complete their settlement paperwork.  Mr. Hiser also indicated that his firm has not received any communication for the other eight plaintiffs and that he understood that those eight plaintiffs' claims would be dismissed with prejudice.

5

*pro se* plaintiffs, Minnie Franklin on behalf of Johnny Henderson and Patti Stanley on behalf of Edward Lipscomb, appeared by telephone. Counsel for the remaining plaintiffs (or *pro se* plaintiffs where applicable) who were subject to the October 16, 2009 Order failed to appear before this Court for the mandatory case management conference on November 9, 2009, and failed to contact Plaintiffs' Liaison Counsel to obtain advance permission from the Court to excuse such failure to appear.

Therefore, based on representations made at the case management conference, acknowledgement of those plaintiffs who failed to appear at the conference, and a review of the record and proceedings herein, **IT IS HEREBY ORDERED**:

1. The claims of plaintiffs Joseph Freel, Deane King, John Reid, and Jose Souffront Borrero will *not* be dismissed at this time because these plaintiffs have submitted their settlement paperwork.

2. Plaintiffs who have indicated an intention to participate in the settlement, specifically Rodolfo Espinosa, Elaine Fowler, Ernest Frederick, Johnny Henderson, Robert Howard, Edward Lipscomb, Carl Moore, William Napolitano, Mary Newton, Richard Overmann, Manuel Pagan, and Betty Shumway, must complete and submit their settlement paperwork to Ms. Peterson no later than November 20, 2009. If these plaintiffs later choose to continue with their litigation in lieu of settlement, they must instead complete and submit an updated Plaintiff's Fact Sheet and medical authorization forms to Ms. Peterson and Guidant no later than November 20, 2009. Failure to complete and submit either the settlement paperwork or an updated Plaintiff's Fact Sheet and

medical authorization forms by November 20, 2009, will result in the dismissal of all of these plaintiffs' claims with prejudice.

3. In order to continue with litigation, Euretha Crain, on behalf of Lonnie Crain, shall complete and submit an updated Plaintiff's Fact Sheet and medical authorization forms to Ms. Peterson and Guidant no later than November 20, 2009. If Ms. Crain chooses instead to participate in the settlement in lieu of continuing with the litigation, she must complete and submit her settlement paperwork to Ms. Peterson no later than November 20, 2009. Failure to complete and submit either an updated Plaintiff's Fact Sheet and medical authorization forms or the settlement paperwork by November 20, 2009, will result in the dismissal of all claims with prejudice.

4. There is nothing in the record to indicate why plaintiff Benjamin Lebow's case should be treated differently than the other cases at issue in this Order. Therefore, if Mr. Lebow wishes for his case to be dismissed without prejudice, he must file an appropriate motion requesting such a dismissal. Mr. Lebow must file such a motion no later than November 20, 2009. If Mr. Lebow instead chooses either to participate in the settlement or continue with his litigation, he must complete and submit either an updated Plaintiff's Fact Sheet and medical authorization forms or settlement paperwork to Ms. Peterson and Guidant no later than November 20, 2009. Failure to file the appropriate motion or to complete and submit either an updated Plaintiff's Fact Sheet and medical authorization forms or settlement paperwork by November 20, 2009, will result in the dismissal of all claims with prejudice.

5. For any of the above-named plaintiffs who complete and submit updated a Plaintiff's Fact Sheet and medical authorization forms, the Court will issue an Order in December 2009 setting a scheduling conference for January 2010 for those cases and for the approximately 37 other cases that are part of the MDL but not eligible for the settlement.

6. Ms. Peterson is respectfully directed to inform the Court no later than 12 p.m. on Tuesday, November 24, 2009, as to which, if any, of the 18 above-listed plaintiffs have complied with this Order.

7. Absent further Order of this Court, the Clerk of Court is directed to dismiss with prejudice all claims of the above-named 18 plaintiffs on Wednesday, November 25, 2009.

8. All claims of William Buckner, Kaylene Dial, Richard Kaiser, Patricia Ostiguy, Giovanna Urbano, and Lawrence Locke, all of whom specifically represented (either prior to the November 9, 2009 case management conference or during that conference) that they wish for their cases to be dismissed with prejudice, are **HEREBY DISMISSED WITH PREJUDICE.**

9. The 104 plaintiffs listed in Exhibit 2 have failed to respond in any way to the Court's October 16, 2009 Order. Given this, the claims of those 104 plaintiffs are **HEREBY DISMISSED WITH PREJUDICE.**

Date: November 13, 2009
                                        s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge