**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This document applies to: ALL ACTIONS | **ORDER REGARDING PLAINTIFFS' LEAD COUNSEL COMMITTEE'S MOTION TO ENFORCE MASTER SETTLEMENT AGREEMENT TERMS FOR CLAIMS THAT GUIDANT DEEMS DEFICIENT** |

**INTRODUCTION**

This matter is before the Court on a Motion to Enforce Master Settlement

Agreement Terms For Claims That Guidant Deems Deficient brought by the Plaintiffs'

Lead Counsel Committee ("PLCC").  For the reasons stated below, the Court denies the

PLCC's motion.

**BACKGROUND**

The Master Settlement Agreement ("MSA") contemplates a $240 million

settlement for 8,550 claimants.  If there are fewer than 8,400 "participating claimants,"

however, Section II.A.1 of the MSA requires the parties to use a mathematical formula to

reduce the $240 million settlement fund based on the number of participating claimants.

Under Section III.F.3 of the MSA, a participating claimant is defined as a claimant who

submits "either a *Pro Se* Declaration or a Claimant's Declaration and the foregoing

documents." (MSA at 11.)  The foregoing documents include a release and a stipulation

of dismissal with prejudice for any claimant with a pending civil action.  (*Id*. at 10.)

Therefore, to be considered a participating claimant under the MSA, a claimant

must submit (1) a declaration, (2) a release, and (3) a stipulation of dismissal with

prejudice, if that claimant has a filed case.  The declaration requires a claimant to aver

that he or she has reviewed the MSA, has had an opportunity to discuss the terms of the

MSA with counsel (if represented), and agrees to be voluntarily bound to the MSA's

terms, including the confidentiality of the settlement.   The release contains language that

broadly defines the scope of the claims and the parties that are to be released.

Over one hundred claimants have had their cases dismissed with prejudice, either

for failure to respond to the Court's October 16,  2009 Show Cause Order or by joint

stipulation.  These dismissed claimants have not, however, executed a declaration or

release.  The PLCC now seeks to have the Court (1) declare that these dismissed

claimants are "participating claimants" under the MSA and (2) order Guidant to treat

these dismissed claimants as participating claimants with respect to Section II.A.1 of the

MSA.

## DISCUSSION

The MSA is governed by Minnesota law.  Under Minnesota law, where the

language of a contract is not ambiguous, incomplete, or indefinite, the Court must

interpret a settlement agreement in accordance with the plain meaning of the contract's

language.  *See Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427,

1436 (8th Cir. 1995) (citing Minnesota law).  "It is improper to go beyond the actual

language of the contract where the wording is clear." *Kauffman Stewart, Inc. v. Weinbrenner Shoe Co., Inc.*, 589 N.W.2d 499, 502 (Minn. Ct. App. 1999).  It is not for a "court to create or add exceptions to the contract or to remake it on behalf of either of the contracting parties," *Telex Corp. v. Data Products Corp.,* 135 N.W.2d 681, 687 (Minn. 1965), and a court "cannot add terms to [a] contract by interpretation when the terms set out by the parties are unambiguous."  *Burke v. Fine*, 608 N.W.2d 909, 913 (Minn. Ct. App. 2000).

The PLCC asks the Court to disregard the provisions of Section III.F.3 for the dismissed claimants and instead classify them as "participating," despite the fact that those claimants have been unwilling, unavailable, or unable to complete the declarations and releases.  The PLCC explains that it had no reason to know at the time the MSA was executed that these dismissed claimants would be impossible to find or unresponsive.  In essence, the PLCC makes an equitable argument that the dismissed claimants should be treated as participating claimants because Guidant got what it bargained for—known claimants who will no longer be able to bring a case against Guidant regarding their Guidant implantable cardiac device because their claims have been dismissed with prejudice.   To support its equitable argument, the PLCC focuses on the fact that under Section II.A.1 of the MSA, Guidant will retain over $3 million of the $240 settlement fund if the dismissed claimants are not treated as participating claimants.   The PLCC asserts that the Court has the power to declare the dismissed claimants as "participating claimants" under both its inherent authority and under the terms of the MSA.

3

In response, Guidant focuses on the language of Sections II.A.1 and III.F.3 of the MSA and on the language contained in the declaration and release. Guidant states that the parties fiercely negotiated the definition of participating claimant and that they anticipated that some claimants would not be found. Guidant explains that it bargained for participating claimants to execute both a declaration and release because it wanted assurances, among other things, that each participating claimant would agree to be bound by the MSA, to submit to the exclusive jurisdiction of this Court, and to release all of the "settled claims," including future claims and claims relating to the MSA. In this way, Guidant asserts that the release and declaration provide essential protection to Guidant against future litigation expenses and potential liability in a way that a dismissal with prejudice (whether voluntary or involuntary) cannot.

The Court agrees with Guidant and finds that Sections II.A.1 and III.F.3 of the MSA are unambiguous. The Court understands the PLCC's frustration with the fact that the $240 million settlement will be reduced by over $3 million as a result of Section II.A.1 of the MSA.[1] But the parties negotiated that provision, and it is improper for the Court to remake a contract when the contract's words are clear. Section II.A.1 provides a formula for reducing the $240 million settlement fund based on the number of participating claimants, which is directly tied to the definition contained in Section III.F.3. Section III.F.3 requires a claimant to complete three documents—a declaration,

---

[1]    In Court's view, Guidant has little, if any, risk of the dismissed claimants pursuing further litigation against Guidant, and for this reason, the Court is sympathetic to the PLCC's equity argument.

release, and dismissal—before he or she can be considered to be a participating claimant. The dismissed claimants have not completed declarations and releases and therefore are not participating claimants, as defined by Section III.F.3 of the MSA. Given this, the dismissed claimants cannot be considered to be participating claimants when making calculations under Section II.A.1. of the MSA.

Therefore, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1.    The PLCC's Motion to Enforce Master Settlement Agreement Terms For Claims That Guidant Deems Deficient (Doc. No. 4162) is **DENIED**.


Dated:  December 14, 2009                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge