**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation | MDL No. 1708 (DWF/AJB) |
| This Document Relates to ALL ACTIONS | **ORDER FOR FINAL DISTRIBUTION OF SETTLEMENT CLAIMANT FUNDS** |

On December 1, 2008, Plaintiffs provided Guidant with settlement documents for 95% of the eligible settlement participants. Upon 95% participation, the Guidant MDL settlement was guaranteed to go forward. After reaching this participation threshold, the parties agreed that the vast majority of claimants' obligations under the Master Settlement Agreement (MSA) had been met and further agree that these claimants were eligible for payment. Accordingly, on December 19, 2008 this Court ordered a partial distribution of settlement funds so as to provide payment eligible claimants with access to a portion of their allocated settlement funds. The held back funds, although already paid by Guidant and Boston Scientific into the settlement fund, were not to be released to claimants until further order of this Court. Funds were held back at that time for future payment for the following purposes: (1) any Medicare subrogation requirement as determined by the Court appointed neutral third party, The Garretson Firm; (2) any Medicaid subrogation requirement as determined by the Court appointed neutral third party, The Garretson Firm; and (3) any subrogation requirements for Private Third Party Payors (TPPs) that agreed to participate in Lien Resolution Programs administered by the

neutral third party, The Garretson Firm. Since that time, the Court has ordered payment on almost all of the participating settlement claimants that had subrogation obligations under each of these programs. *See, e.g.,* Doc. No. 4555; Doc. No. 4627, Doc. No. 4460, Doc. No. 4655, Doc. No. 4654. The LCC has now filed its final motion for distribution of the last remaining subrogation payments under the above listed programs as identified by the neutral third party, The Garretson Firm. The Garretson Firm has provided Exhibit A which lists the last remaining outstanding Medicare subrogation payments for Guidant MDL settlement claimants. The Garretson Firm has provided Exhibit B which lists the last remaining outstanding state's Medicaid subrogation payments for Guidant MDL settlement claimants. And finally, Exhibit C represents the subrogation payments due to private third party payors that participated in the resolution programs administered by The Garretson Firm. The claimants listed on the attached Exhibits have all received their allocated settlement funds in full pursuant to this Court's previous Orders.

Final lien amounts have been determined by The Garretson Firm for these last remaining claimants listed on Exhibits A-C and therefore the Court finds it appropriate to order final distribution at this time.

**IT IS HEREBY ORDERED:**

1. All awards shall be issued by Analytics on checks drawn from the held back funds remaining in the Settlement Fund Escrow Account.

2. For payment-eligible claimants found on Exhibits A-C, Analytics shall release funds held back pursuant to The Garretson Firm's Medicare, Medicaid and/or Private Third Party Payor Lien Resolution hold back that are in excess of the amount

necessary to satisfy any final Medicare, Medicaid and/or Private Third Party Payor reimbursement, as set forth by The Garretson Firm.

3. For payment-eligible claimants found on Exhibit A who were subject to a subrogation claim asserted by Medicare, and have been identified by The Garretson Firm as having an outstanding Medicare lien in the amount identified on Exhibit A, Analytics shall forward the funds listed in Exhibit A to The Garretson Firm for payment to Medicare;

4. For payment-eligible claimants found on Exhibit B who were subject to a subrogation claim asserted by various state's Medicaid agencies, and have been identified by The Garretson Firm as having an outstanding Medicaid liens in the amount identified on Exhibit B, Analytics shall forward the funds listed in Exhibit B to The Garretson Firm for payment to the appropriate state's Medicaid program; and

5. For payment-eligible claimants found on Exhibit C who were subject to a subrogation claim asserted by a private third party payor that participated in the resolution programs administered by The Garretson Firm, and have been identified by The Garretson Firm as having an outstanding lien in the amount identified on Exhibit C, Analytics shall forward the funds listed in Exhibit C to The Garretson Firm or to the appropriate private third party payor.

Dated:  October 25, 2011        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge