UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to ALL ACTIONS | **ORDER AND MEMORANDUM** |

This matter is before the Court on the Lead Counsel Committee's ("LCC") Motion and Request for Final Distribution and Payment of Previously Awarded Common Benefit Funds (Doc. No. 4840).

Based upon the presentations of counsel, and the Court having reviewed the most recent submissions of the LCC, as well as the extensive procedural history of this case, including the Court's Memorandum Opinion and Order addressing common benefit attorney fee allocation dated December 23, 2008 (Doc. No. 3558), and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The Claims Administrator, Analytics, Inc., shall distribute funds consistent with this Order.

2. All awards set forth herein shall be issued by Analytics, Inc., and drawn from the funds remaining in the Guidant Settlement Fund Escrow Account.

3. The Court respectfully orders U.S. Bank to transfer all funds remaining in the Guidant Common Benefit Attorneys Fees Account to the Guidant Settlement Fund Escrow Account.

The Court respectfully orders U.S Bank to transfer all funds remaining in the Guidant Advanced Common Benefit Costs Account to the Guidant Settlement Fund Escrow Account.

The Court respectfully orders U.S. Bank to transfer all funds remaining in the Guidant Other Common Benefit Costs Account to the Guidant Settlement Fund Escrow Account.

4. The Lead Counsel Committee's ("LCC") motion and request that the Court reinstate its previous enhancement but at the reduced multiplier of 1.09 from 1.19 as well as order $150,000 to the three charities recommended by the LCC (Doc. No. [4840]) is hereby **GRANTED** as follows:

    a. The claims administrator shall distribute by wire transfer from the Guidant Settlement Fund Escrow Account the attorney fees awarded to the four law firms listed below:

| **Firm** | |
|---|---:|
| Neblett, Beard & Arsenault, LLP | $182,595.60 |
| Lieff, Cabraser, Heimann & Bernstein, LLP | $213,741.54 |
| Klafter, Olsen and Lesser, LLP (Locks Law) | $134,855.01 |
| Zimmerman Reed PLLP | $320,306.67 |
| Total | **$851,498.82** |

b. The firms that are entitled to receive compensable funds from the Court's Order shall contact Mr. Jonathan Reid, Guidant Project Manager, to coordinate the wire transfers. The Claims Administrator shall confirm and/or update wire instructions with each firm by e-mail before any distribution may take place. Absent further order of the Court, these distributions shall be made within seven (7) business days after each attorney/firm has completed the paperwork necessary to effectuate the wire transfer.

5. Consistent with the recommendation of the LCC, the following organizations shall be awarded $50,000 each:

| Organization | |
|---|---|
| Minneapolis Heart Foundation | $50,000.00 |
| FBA *Pro* Se Project | $50,000.00 |
| Toys for Tots Program | $50,000.00[1] |

These payouts shall be coordinated by the LLC with the Court.

6. The attached Memorandum is made a part hereof.

Dated: December 6, 2011         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge

---

[1] To be distributed as a recurring donation of $10,000 per year for the next five years.

## MEMORANDUM

The claims administration for the Guidant MDL Settlement Program has now been completed. The Court must observe that over the course of this litigation the LCC has: been responsible for an extensive discovery plan for several Guidant cardiac devices; prepared for bellwether trials; spent an extraordinary amount of time negotiating a settlement of $240 million for approximately 8,180 individuals; effectuated payment to those participating settlement claimants; implemented three global lien resolution programs; met all Medicare and Medicaid lien obligations for each participating claimant; and, based upon the Court's review of the extensive procedural history of this file, satisfied and complied with all requirements under the Master Settlement Agreement. A job well done by the LCC on a complicated case for a number of reasons. The record does indeed speak for itself.

This Court, as part of an 84-page opinion it filed on December 23, 2008 addressing the issue of attorney fees ("December 23, 2008 Order"), ordered a 1.19 multiplier-enhancement for the four firms associated with the LLC: namely, Lieff, Cabraser, Heimann & Bernstein, LLP; Locks Law Firm; Neblett, Beard & Arsenault, LLP; and Zimmerman Reed, PLLP. (Doc. No. 3558.) The Court did so because of their notable contributions to the MDL and, in so ordering, the Court acknowledged the extensive role the LCC played throughout the entire course of this MDL litigation.

Each of these firms made itself available to the Court, to the claimants, and to Guidant for a significant portion of time. In its December 23, 2008 Order, the Court further acknowledged the novelty and complexity of the legal issues in this MDL, the fact

that these firms were likely precluded from doing other work during parts of this fast-paced MDL, the skills required to bring this matter to a fair and efficient close, and the firms' experience and reputation. (Doc. No. 3558 at 78-79.)

As observed by the LCC in its recent submissions to the Court, the Court temporarily, on January 8, 2010, vacated a portion of its December 23, 2008 Order in which it had awarded the enhancement for the four lead firms of the MDL in order to ensure that the Court was able to compensate for any overages that might occur as the claims administration process continued. (Doc. No. 4395 at 34.) That claims administration process, as earlier noted, has now been concluded.

The Court commends the firms for, rather than seeking an award close to the 1.19 enhancement previously awarded in December 2008, voluntarily taking the following reductions:

| Firm | 1.19 Enhancement Amount | 1.09 Enhancement Amount (Awarded) | **Total Reduction** |
|---|---|---|---|
| Neblett, Beard & Arsenault, LLP | $385,489.60 | $182,595.60 | -$202,894.00 |
| Lieff, Cabraser, Heimann & Bernstein, LLP | $451,232.14 | $213,741.54 | -$237,490.60 |
| Klafter, Olsen and Lesser, LLP (Locks Law) | $284,693.81 | $134,855.01 | -$149,838.80 |
| Zimmerman Reed PLLP | $676,202.97 | $320,306.67 | -$355,896.30 |

Finally, in the public interest and in the interests of justice, these firms, on their own initiative, have recommended that $150,000 be disbursed to the non-profit organizations and charities mentioned in the Court's Order. The Court finds and concludes that this award will indeed serve the public interest and the interests of justice

and is one of the reasons that the multiplier that was awarded, but then vacated, of 1.19 is now restored at the reduced multiplier of 1.09.

## CONCLUSION

As the final chapter comes to an end in this MDL, it is deserving of comment by the Court, especially given the attention these days to the cost of highly complex litigation and multi-district litigation generally. The Court accepts that responsible case management will always require a judge to maintain a delicate balance of, on the one hand, encouraging highly skilled attorneys with significant experience in mass tort litigation to do common benefit work and provide leadership to a case such as *Guidant* by compensating them fairly, while, on the other hand, maximizing economies of scale so that individual claimants truly realize the benefit of consolidated and coordinated MDL litigation. In so doing, individual claimants legitimately feel that they have been treated in a fair and just manner. Equally important, it is only in this way that the non-lawyer public can continue to view MDL litigation as fair and highly beneficial to the public interest and the interests of justice.

The Court in this case believes that the lead attorneys and their firms made this MDL manageable, efficient, and fair, not only to their clients, but to all of the 8,180 individual claimants. In so doing, the public interest and the interests of justice were served.

D.W.F.